WILLIAM VINTON v. CHARLES SCHWAB.

*Negligence.    Jury.*

The question of negligence is not always a matter of law where there is no conflict in the testimony as to the particular facts.  If it still rests upon discretion, experience and judgment to determine whether the acts complained of constituted a departure from the course which men of ordinary care and prudence would have pursued under the same circumstances, it is matter of fact for the jury.

CASE.    Plea, the general issue and trial by jury, at the December Term, 1859,—PIERPOINT, J., presiding.

The plaintiff's evidence tended to show that in January, 1859, the defendant, who was a pedler, had stopped his horse, attached to a traverse sleigh, with a pedler's box upon it, in front of a house in Granville, a little out of the traveled path, and while standing at the rear of his sleigh, taking out some goods and holding a box of goods in his hands, the plaintiff drove up in his cutter, passed between the defendant's sleigh and the house, halted a moment and passed on ; that about the same moment a brother of the plaintiff drove up in another cutter and passed outside of the defendant's sleigh, so that both cutters passed the defendant's sleigh nearly at the same time, the plaintiff's brother first and the plaintiff immediately following ; that the defendant's horse thereupon started, and gradually increasing his pace to a run, overtook the plaintiff, and the plaintiff's sleigh, in consequence thereof, was injured and the plaintiff's horse was killed.

The defendant's evidence tended to show that he was in the pursuit of his business, as a licensed pedler, at the time of the accident ; that he had owned the horse about one month, and was accustomed to leave him to stand without being tied, as the occasion of his business required, and had never known him to run or start before or after this occasion, and that he was a fit horse to be so left ; that at the time of the accident he did all he could to stop his horse, but was unable to do so.   He also gave evidence tending to show that his horse was started by the plaintiff and his brother giving signals to their horses to start when opposite the defendant's horse.

The defendant asked the court to charge the jury that the

Vinton *v.* Schwab.

question of negligence, the facts being found or conceded, was one for the court, and that upon the evidence, the defendant was not chargeable with negligence, and the action could not be maintained. That if the jury found that at the time of the accident the defendant was standing at his sleigh in the manner that the evidence showed, and in the pursuit of his lawful business; that his horse was one fit to be left and never known to start or run ; that he was started by the passing of the other horses in the manner they did pass, and the defendant did all in his power to stop him, he was not guilty of negligence and was not liable in this action.

The court charged the jury that if they found that the defendant left his horse standing without being tied or fastened in any manner, and went to the hind end of his sleigh to transact business there, leaving the lines beyond his reach, and having no means of immediately controlling his horse in case he should start, as all the evidence tended to show, and that he knew that the other teams were about to pass his team, under the circumstances detailed by the defendant himself, and that men of ordinary care and prudence would not have so left a horse under the same circumstances, then the defendant was guilty of negligence, and liable for all the injury claimed that they found the plaintiff had sustained solely in consequence thereof; and that in determining the question as to what men of ordinary prudence would have done, they would take into consideration the evidence of the length of time the defendant had owned the horse he was then using ; the propensity or disposition of the horse to stand without fastening, and the knowledge the defendant had thereof, together with all the other evidence bearing upon this point. To this charge and the refusal to charge as requested, the defendant excepted.

The jury rendered a verdict for the plaintiff, and the defendant moved for a new trial on the ground that the verdict was against the weight of evidence. The motion was overruled, and the defendant excepted.

*J. W. Stewart* and *E. J. Phelps*, for the defendant.

*Roberts & Chittenden* and *E. N. Briggs*, for the plaintiff.

REDFIELD, Ch. J.   The questions raised in this case upon the trial, and the motion for a new trial, seem to be identical, that is, whether there was any evidence which could fairly have been submitted to the jury?

In regard to questions of negligence, it has often been determined that when the testimony is all in one direction, that is, when all the evidence being taken, as facts, it establishes a clear case of negligence, or when it has no tendency to show any negligence whatever, it may be determined as a question of law by the court, unless some question is made in regard to the credibility of the witnesses from which the testimony comes.

But when there is no conflict in the testimony in regard to the particular facts, that will not always make it a mere question of law which the court may determine.   If it still rests upon discretion, experience and judgment, it is matter of fact and not of law merely.   A man in any situation or business is always bound to conform to the rules and usages which prudent and careful men have established in the conduct of similar business under similar circumstances.   And it is negligence to make any important departure from such a course, when it proves more injurious to others than the usual course.   All this is matter of fact, however, until it becomes so universally known as to be received as axioms are, by universal consent.   This can scarcely be said in regard to pedlers leaving their horses unfastened in the highway. It may be a pretty general practice, but by no means universal, I suppose.   And when it is done, it is a departure from the usual course, which is the only safe course in regard to teams ordinarily.   And when one, for his own convenience or that of his particular pursuit, chooses to adopt such a departure from the general and safe course, he must be regarded as doing it at his own peril, so far as injury may result to others.   Every man is bound *sic utero suo, ut alienum non lœdat.*   And the rule by which he is bound to govern the use of his own is that which is established by the concurrent use of careful and prudent men in that particular business.

When a pedler is unacquainted with the habits of his horse, and knows nothing of the amount of travel upon the road, it could be nothing less than rashness to leave his team in the streets

Vinton *v.* Schwab.

unfastened.   But after knowing the habits of the beast more or less, and the probability of there being any one about to pass, it would become a question of judgment and discretion whether he could with safety leave his team in the condition shown in the present case, in regard to the defendant.   This will certainly reduce it to a question of fact.   And until there are some more definite rules established upon the subject, we do not very well perceive any sufficient guide to enable a court to inform a jury precisely what is sufficient care and watchfulness in such matters.

We do not perceive but the question was properly submitted to the jury, and that being the case, the motion to set aside the verdict and for a new trial was matter of discretion, and no question of law can be raised in relation to it in this court.

Judgment affirmed.