PAUL GRAVILLE, Respondent, *v.* THE MANHATTAN RAILROAD COMPANY, Appellant.

It is the duty of a passenger standing on the platform of a steam railroad car to go inside the car when requested so to do by a person having charge of the train, if there is standing room inside, although there are no vacant seats. The fact that the passenger has a well-found ground of complaint against the railroad company for not providing adequate accommodations for passengers, does not release him from the duty of leaving the platform.

As to whether, where a passenger refuses to go inside the car when so requested, the brakeman or conductor has the right to force him to do so, *quære.*

(Argued April 21, 1887; decided May 10, 1887.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made January 16, 1885, which

affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages sustained by plaintiff when a passenger on one of defendant's cars, alleged to have been caused by the unlawful acts of defendant's employes.

The material facts are stated in the opinion.

*Edward S. Rapallo* for appellant. The mere fact that there is no seat does not justify a passenger on a railway train in selecting any portion of the train, irrespective of the danger, and irrespective of the convenience of other passengers. (*Marquette* v. *C. & N. W. R. R. Co.*, 33 Ia. 562.) A passenger may be removed or ejected from a car for improper conduct. (1 Redf. on Ry. 91, 92.) To entitle the plaintiff to a recovery, he must show that he was removed in an unreasonable and improper manner. (*Hibbard* v. *N. Y. & E. R. R. Co.*, 15 N. Y. 463.) By standing on the platform plaintiff was in the way of the guard, obstructing him in the performance of his duty, and as a consequence was in this respect also a source of danger to the remaining passengers. (*Putnam* v. *B. & Seventh Ave. R. R. Co.*, 55 N. Y. 108; *Clarke* v. *Eighth Ave. R. R. Co.*, 36 id. 135.) Special damage must be pleaded and proved. (*Leeds* v. *Met. G. L. Co.*, 90 N. Y. 26; *Van Derslice* v. *Newton*, 4 id. 130; *Parsons* v. *Sutton*, 66 id. 92.)

*L. A. Gould* for respondent. A common carrier of passengers owes a duty to its passengers to provide reasonable, safe and convenient accommodations, and is not justified in committing an assault upon one of its passengers, unless at the will of any employe in the absence of any reasonable or known regulation, the passenger will consent to place himself in any position however uncomfortable, provided he may thereby be more closely packed together with his fellow passengers. (*Willis* v. *L. I. R. R. Co.*, 34 N. Y. 670; *Thorp* v. *N. Y. C. & H. R. R. R. Co.*, 76 id. 402.)

*Per Curiam.* The counsel for the defendant requested the court to charge the jury that although there were no seats inside the car, and people were standing therein, yet if there was room for the plaintiff he was bound to go there. The court refused to charge as requested, and to this refusal the counsel for the defendant excepted. We are of opinion that the defendant was entitled to this instruction, and that the exception was well taken.

It appears from the plaintiff's testimony that he boarded a train going north, at Houston street, at about six o'clock Sunday evening. The car at the time was crowded, and the plaintiff, with other passengers, stood on the platform. When the train reached Thirty-fourth street the brakeman requested the plaintiff and the other passengers on the platform to go inside the car, but as there was no room in the car at that time the plaintiff did not do so. Passengers got out of the car at Forty-second street, and on the train leaving that station the conductor requested the plaintiff to go inside, but he declined to do so. The conductor or brakeman then pushed the plaintiff inside the car. When the train reached Forty-seventh street the plaintiff, as he testifies, passed from inside the car on to the platform for the purpose of leaving the train at that station, and when he reached the platform the conductor took hold of him and pulled him off the car, and a struggle ensued between the plaintiff and the conductor, the details of which it is unnecessary to state. The plaintiff on the trial testified to the act of the brakeman in pushing him into the car and to the subsequent assault at the station, and relied upon both acts as constituting grounds of recovery. Both of the transactions were litigated without objection, and were submitted by the court to the jury, and they rendered a general verdict. The request to charge related to the first assault, and if it should have been granted the error cannot be disregarded. The counsel for the defendant on the argument sought to justify the act of the brakeman in pushing the plaintiff into the car on the ground that his standing on the platform was a dangerous act, and interfered

with the proper management of the train, and that the brakeman was authorized to use necessary force to compel the plaintiff to go inside the car if there was standing room, although all the seats were occupied. This question is not, we think, open to the defendant on this record. The court charged the jury that the brakeman had no right to force the plaintiff inside the car upon his refusal to go inside, and that the only remedy was to eject the plaintiff from the car on reaching the next station. The counsel for the defendant did not except to this ruling, but by his silence acquiesced in its correctness, and it must be regarded as the law of the case. But assuming that the law in this respect was correctly stated, as to which there is, it seems to us, room for serious doubt, nevertheless we think the court should have charged the proposition requested. Whether on the plaintiff's refusing to comply with the request of the brakeman to go inside the car, the latter was authorized to use force to compel him to do so, is a distinct question. It is a matter of common knowledge that it is unsafe for passengers to ride on the platform of a running train. By so doing they expose themselves and the other passengers to unnecessary danger. The law exacts of carriers of passengers the highest degree of care for their safety. The control of trains is necessarily placed in the hands of employes. It is impossible to foresee all the exigences which may demand prompt action on their part to avert danger or accident. The safety of passengers on railroads requires that they should comply with reasonable regulations and acquiesce in reasonable directions of persons to whom the management of the train is committed. It is obvious that the crowding of passengers on the platform of a steam railroad car may seriously embarrass the trainmen in the performance of their duties, and it is, we think, the plain duty of a passenger standing on a platform, to go inside the car when requested so to do by a person having charge of the train. The request to charge was material as bearing upon the question of damages, assuming that the use of force by the

brakeman was not justified. Although the brakeman may have been mistaken as to his authority to enforce a compliance with the request made to the plaintiff, yet it was the duty of the plaintiff to comply, and his refusal tends to mitigate and explain the conduct of the brakeman, and to show that the assault was not wanton or malicious. The fact that there were no unoccupied seats in the car did not, we think, change the duty of the plaintiff to go inside. If he had any well-founded ground of complaint against the company for not providing adequate accommodations for passengers, this did not, we think, release him from the duty of leaving the platform and going inside the car, although there was standing room only. The car was crowded when the plaintiff entered it at Houston street. He placed himself immediately in a position where he was compelled to submit to some inconvenience, and he was not freed from the obligation to obey the reasonable directions of the trainmen, made with a view to the general convenience and safety, because there was no vacant seat.

For the error in the refusal to charge, the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.