## WORTHINGTON *v.* CENTRAL VT. R.R. CO.

*Negligence, when question of law. Being upon the platform of moving car, when negligence. Practice. Submitting issue not made by evidence.*

1. Negligence is ordinarily a mixed question of law and fact; but when the facts are not in dispute and only one inference can be drawn from those facts by a reasonable man, it becomes purely a question of law.

2. For a passenger to be upon the platform of a rapidly moving steam-car is, as matter of law, *prima facie* negligence, and no recovery can be had for an injury which was contributed to by the fact of his being in that position, unless his presence there was excused by the occasion.

3. That all the seats in the car are occupied, and the aisles crowded to that extent that the position of the passenger, standing in the aisle, is one of " positive discomfort to himself and evident annoyance to others," does not excuse a passenger from going upon the platform voluntarily and remaining there while the train is in rapid motion.

4. The supreme court in reversing a case for that the trial court ought, upon the evidence, to have directed a verdict for the defendant, will remand it for a new trial.

5. It is error to submit an issue to the jury which there is no evidence tending to maintain.

This was an action on the case for the negligence of the defendant. Plea, the general issue. Trial by jury at the March term, 1890, Rutland county, Munson, J., presiding. Verdict and judgment for the plaintiff. Exceptions by the defendant.

The plaintiff was injured by falling from the platform of one of the defendant's cars while the train was in motion. The train was an excursion train which had left Rutland on the morning of the accident, and was to run to Burlington. The accident

occurred a few miles beyond Middlebury. The day was pleasant and the excursion was unusually large. The plaintiff took the train at Rutland, where there was ample room, and where he obtained a seat with his wife and family. This seat he continued to occupy until after the train left Middlebury. At the intervening stations between Rutland and Middlebury, the cars filled up so that on leaving Middlebury they were badly overloaded. The evidence of the plaintiff tended to show that the seats in all the cars were occupied, and that many people were standing upon the platforms and in the aisles. After the train left Middlebury, the plaintiff gave his seat to a lady who was standing beside him in the aisle and stood up in her place. After standing there for a few moments, he went out and took his stand upon the forward platform of the car next behind the one in which he had been riding, standing either upon the platform or upon the step, he did not clearly remember which, with his back towards the car, and holding on by the iron rod behind him. While in this position he was either thrown or fell from the car. Both the platforms were filled with people, no one of whom saw him when he began to fall, and only one of whom saw him after he was free from the car. No one else was injured during the trip. The plaintiff could not remember how he happened to fall.

With reference to how he happened to be upon the platform, the plaintiff testified that the car in which he was riding was crowded, that the seats were all full, that the aisle was full, and that some persons were standing upon the platform. After giving his seat to the lady he stood for a few moments in the aisle, but the motion of the train was such that he was thrown and jostled against other persons standing near him in the aisle, most of whom were ladies, to such an extent as to render his position there one of discomfort to himself and evident annoyance to others. Thereupon it occurred to him that he would go into the smoking-car and endeavor to obtain a seat there. For this purpose he left the place where he was standing, passed out upon

and across the rear platform of that car and on to the forward platform of the next car. Arriving there the car was so crowded that it became evident to him that it would do no good to go any further, and he accordingly took up the position which he was occupying when injured, thinking that he would remain there for a short time and then return to his former position inside the car.

The defendant claimed that by the plaintiff's own testimony he had voluntarily left his position in the car and gone out and remained upon the platform without any sufficient excuse, and for that reason moved the court to direct a verdict in its favor. This the court declined to do, and the defendant excepted.

The defendant requested the court to instruct the jury that. if the plaintiff having standing room inside the car, voluntarily went upon the platform and remained there, and was subsequently injured by reason of being there, he could not recover. This the court declined to do, but did instruct the jury upon that branch of the case as follows :

" The claim is that the passages of the different cars were entirely filled, and that the platforms of the cars were also filled, women as well as men standing upon them. The plaintiff claims that the passage where he stood after giving up his seat was crowded, and that most of those in his vicinity were ladies; that. the swaying and jolting of the train was such that his position was one of discomfort to himself and of evident annoyance and discomfort to others ; and that in consequence of this he concluded to go to the smoking-car.

" If the position of the plaintiff while standing in the passageway, after giving up his seat, was one of real and positive discomfort, you are not precluded from finding that he was justified in going out upon the platform with a view to reaching the smoker, if he could do so without running greater risk than a man of ordinary prudence would have taken under like circumstances. If after getting upon the platform he found the opposite platform so crowded that it was impracticable to get into the next car, and the situation was such that he could not return to and occupy the place he had left without real and positive dis-

comfort, you are not precluded from finding that he was justified in remaining upon the platform, if he could do so without running greater risk than a man of ordinary prudence would have taken under like circumstances.

" Ordinarily a person who went upon the platform to stand, or who undertook to pass from car to car while the train was in motion, could not recover. But in view of the crowded condition of this train, the shifting movement and varying pressure incident to such a crowd, and the necessity of the platform's being occupied by some part of the passengers, we do not hold that it was necessarily negligent for the plaintiff to be upon the platform. It is left for you to determine whether there was negligence on the part of the plaintiff in going to and standing upon the platform under the circumstances shown.

" But if the plaintiff, after giving up his seat and standing a while in the passage, went out upon the platform without any reasonable ground for so doing, as tested by the rule just stated, but merely because he preferred to ride upon the platform rather than stand in the passage inside, he was guilty of contributory negligence, and cannot recover."

The defendant excepted to the refusal of the court to charge as requested and to the charge as above given.

It appeared that the train was equipped with the automatic air-brake, and there was no evidence tending to show that the brake did not work properly, nor that the train was not properly operated, save that the speed was too high. The plaintiff did not claim in his declaration nor in the opening of his case, that there was any deficiency in the number of brakemen, nor that if there was, this fact did nor could have contributed to his injury. The defendant introduced the conductor as a witness, and upon his cross-examination it came out that he had only two brakemen with him. In the argument the plaintiff claimed that this was gross negligence, and requested the court to instruct the jury upon that point, and the court did submit that question to the jury in the following language:

"It was the duty of the company to send with this train enough men for the proper control and management of the train, in view of the number of cars it contained and the load it was expected to carry. In considering the question whether the de-

fendant was negligent in the operation of this train, you may take into account the crowded condition of the cars, the fact that the platforms were filled, the number of men provided, and their general conduct in the management of the train."

To this the defendant excepted. No exception was taken to the argument, and no question made upon the pleadings; and the defendant as well as the plaintiff discussed this point to the jury.

*C. A. Prouty*, for the defendant.

To be upon the platform of a moving car is, as a matter of law, negligence, and a plaintiff injured by reason of being there cannot recover, unless properly there; and he cannot properly be there, save as a matter of necessity. *Taylor* v. *Danville, etc., Rd. Co.*, 10 Brad. (Ill.) 311; *Secor* v. *T. P. W. Ry. Co.*, 10 Fed. Rep.; *Hickey* v. *Boston & Lowell Rd. Co.*, 14 Allen 419; 2 Wood's Ry. Law, 308; *Quinn* v. *Illinois Central Rd. Co.*, 51 Ill. 495; *Chicago N. W. Rd. Co.* v. *Carroll*, 5 Brad. (Ill.) 201; *Camden & Atlantic Rd. Co.* v. *Hoosey*, 99 Penn. St. 492.

There was no evidence in this case which fairly tended to show that the plaintiff was *necessarily* upon the platform, and it appears that his injury was occasioned by reason of his having been there. Hence the court should have directed a verdict for the defendant. Pat. Ry. Ac. Law 448; *Jackson* v. *Metropolitan Ry.*, 3 App. Cas. 193; *Toomey* v. *L. B. & S. C. Ry.*, 91 E. C. L. 149; *Pleasants* v. *Fant*, 22 Wall. 121; *Herbert* v. *Butler*, 97 U. S. 319; *Randall* v. *B. & O. Rd. Co.*, 109 U. S. 478; *Adams Ex. Co.* v. *Sharpliss*, 77 Penn. St. 522; *Camden & Atlantic Rd. Co.* v. *Hoosey*, 99 Penn. St. 434.

The evidence in the case did not tend to show, that the injury of the plaintiff was in any way occasioned, or contributed to, by the fact that there were only two brakemen upon the train. It was therefore error for the court to submit that issue to the jury. *Mack* v. *Snider*, 1 Aik. 104; *Barron* v. *Fay*, 38

Worthington *v.* Central Vt. R. R. Co.

.Vt. 705 ; *Black* v. *Brooklyn City Ry. Co.*, 108 N. Y. 640 ; 15 N. E. Rep. 389; *Waddingham* v. *Hulett,* (Mo.) 5 S. W. Rep. 505 ; *Gulf C. & S. F. Rd. Co.* v. *Blohn,* 73 Texas, 637.

*Geo. E. Lawrence,* for the plaintiff.

The question of negligence is for the jury, even when the facts are undisputed. *Fassett* v. *Roxbury,* 55 Vt. 555.

The evidence of the plaintiff tended to show that the defendant was negligent in running its train at a high rate of speed, and in overcrowding its cars, and these issues were properly submitted to the jury. *Taylor* v. *Day,* 16 Vt. 566 ; *Vinter* v. *Schwab,* 32 Vt. 612 ; *Barber* v. *Essex,* 27 Vt. 62; *Hill* v. *New Haven,* 37 Vt. 501 ; *Rogers* v. *Swanton,* 54 Vt. 585 ; *Fassett* v. *Roxbury,* 55 Vt. 552 ; *Stackers* v. *Ry. Co.,* 79 N. Y. 464 ; Beach Cont. Neg. 451 ; Sh. & R. Neg., ss. 54, 495 and cases there cited ; Wood's Brown Carriers, s. 476, and cases cited ; *Hadley* v. *Cross,* 34 Vt. 588 ; *Ry.* v. *Weans,* 8 A. & E. Ry. Ca. 399 and note ; *Bemis* v. *Ry. Co.,* 42 Vt. 378 ; *L. & N. Ry. Co.* v. *Kelley,* 13 A. & E. Ry. 1 ; *T. C. Ry. Co.* v. *Higgs,* 34 A. & E. Ry. Ca. 529; *Cleveland etc., Ry.* v. *Newell,* 8 A. & E. Ry. Ca 377; *Louisville, etc., Ry.* v. *Jones,* 28 A. & E. Ry. Ca. 170 ; *T. & P. Ry. Co.* v. *Hamilton,* 26 A. & E. Ry. Ca. 182 ; *Central Ry.* v. *Sanders,* 27 A. & E. Ry. Ca. 300 ; *Frick* v. *Ry. Co.* 8 A. & E. Ry. Ca. 290 ; *Nutter* v. *Boston & Maine,* 60 N. H. 483.

The fact that the plaintiff was upon the platform, does not bar his recovery if he was properly there. In this case his presence there was excused by the overcrowded condition of the cars. ' *Willis* v. *Ry. Co.,* 34 N. Y., 670 ; *Werle* v. *Long Island Ry. Co.,* 98 N. Y. 650 ; *Dewire* v. *Ry. Co.,* 148 Mass. 343 ; *Treat* v. *B & L. Ry. Co.,* 131 Mass. 371 ; *Zemp* v. *Wilmington, etc., Ry. Co.,* 9 Rich. 84 ; *Gerstle* v. *U. P. Ry. Co.,* 23 Mo. App. 361 ; *L. & N. Ry. Co.* v. *Kelley,* 13 A. & E. Ry. Ca. 1.

The defendant was bound to. take notice of the fact that the plaintiff was upon the platform, and to moderate the speed of

its train accordingly. If it did not do so, its negligence was subsequent to the negligence of the plaintiff, and the plaintiff may recover, even though his previous negligence contributed to the injury. *Davies* v. *Mann,* 10 M. & W., 546; *Trow* v. *Vt. Cent. Rd. Co.,* 24 Vt. 495; *Colchester* v. *Brooke,* 53 E. C. L. 376; S. C., 1 Smith's Lead Ca. 312; *Hays* v. *St. Qy. Co.,* 34 A. & E. Ry. Ca. 97; *Kelley* v. *Union Co.,* 35 A. & E. Ry. Ca. 366; *Williams No. Pac. Ry. Co.,* 11 A. & E. Ry. Ca. 421; *Kean* v. *Baltimore Ry.,* 19 A. & E. Ry. Ca. 321; *Sweigert* v. *Ry. Co.,* 9 A. & E. Ry. Ca. 322; *Beems* v. *Chicago, etc., Ry.,* 6 A. & E. Ry. Ca. 222; *Romick* v. *Ry. Co.,* 15 A. & E. Ry. Ca. 288; *Maryland, etc., Ry. Co.* v. *Newbern,* 19 A. & E. Ry. Ca. 266, and numerous cases there cited.

The defendant discussed to the jury the issue as to whether there were sufficient brakemen upon the train, and cannot now object to the instruction of the court upon that point. *Rollins* v. *Chalmers,* 51 Vt. 592; *Paige* v. *Smith,* 13 Vt. 251; *Porter* v. *Gile,* 44 Vt. 520.

The opinion of the court was delivered by

ROWELL, J. If, as matter of law, it was *prima facie* negligence for the plaintiff to be riding on the platform or the steps, as shown by the case, and if his riding there contributed to his injury, then the burden was on him to show that he was riding there for a reason that freed him from the imputation of negligence; and if the testimony did not tend to show such reason, he had no case for the jury, and the court should have directed a verdict against him.

It is sometimes said that when the facts are conceded or undisputed, the question of negligence is for the court and not for the jury. But this must not be taken in its broadest sense and as universally true, but with limitation. When the law prescribes what shall constitute negligence, or when the act relied

upon to show negligence is isolated, then negligence becomes a question of law.

But when the standard of negligence is not prescribed, and there is a combination of facts and circumstances relied upon to show negligence, the question becomes one of law only when those facts and circumstances are so decisive one way or the other as to leave no reasonable doubt about it—no room for opposing inferences. This is clearly shown by the adjudged cases.

. Thus, in *Briggs* v. *Taylor*, 28 Vt. 180, it was regarded as so certain that carriages and sleds would be injured by standing out doors all winter, that the court ruled as matter of law that thus leaving them was negligence. But in *Vinton* v. *Schwab*, 32 Vt. 612, it is said, that although there is no conflict in the testimony in respect of negligence, yet, if it still rests upon discretion, judgment, and experience, it is matter of law and not of fact. And in *Whitcomb* v. *Denio*, 52 Vt. 382, it is said that whatever the rule may be in other States when the facts are undisputed, in this State, when the question is whether a thing has been done within a reasonable time or with reasonable care, or when any other fact is to be determined that involves the judgment of the trier upon an existing state of facts and circumstances, the almost universal practice has been to submit the question to the jury.

In *Hunter* v. *Cooperstown &c. R. R. Co.*, 112 N. Y. 371, it was held that the plaintiff, who was *sui juris* and in the full possession of his faculties, with nothing to disturb his judgment, was guilty of negligence as matter of law in attempting to board a railroad train moving at the rate of from four to six miles an hour, and that the question did not become one of fact by the conductor's calling out to him to get on. That it was a dangerous and hazardous attempt, the court said must be the judgment of all men ; that persons are taught from their earliest youth the great danger attending an attempt to board or to leave a train while in motion; and that there is no person of mature years and judgment but has the knowledge that such an attempt is

dangerous in the highest degree. But the court said that there may be cases in which such an attempt would not be regarded as negligence as matter of law, and where the question of negligence upon all the facts in the case should be submitted to the jury, and referred to *Filer* v. *New York Central R. R. Co.*, 49 N. Y. 47, as such a case.

In *Solomon* v. *Manhattan R. R. Co.*, 103 N. Y. 437, it is said that the rule established by the decisions is, that it is presumptively a negligent act for a passenger to attempt to alight from a moving train, and that it is not sufficient to rebut the presumption that the trainmen acquiesced in the action of the passenger, nor that the company violated its duty or contract in not stopping the train, nor that to remain on the train would subject the passenger to trouble or inconvenience, but that to excuse such an act and free the passenger from the charge of contributory negligence, there must be a coercion of circumstances that did not leave the passenger in the free and untrammeled possession of his faculties and judgment. And the court went on to say, that although negligence is usually a fact for the jury, yet that the inference of negligence in a given case may be so strong and convincing that the judge may direct a verdict; that the conclusion that it is *prima facie* dangerous to alight from a moving train is founded on our general knowledge and common experience, and that it is akin to the conclusion now generally accepted, that it is in law a dangerous and therefore a negligent act, unless explained and justified by special circumstances, to attempt to cross a railroad track without looking for approaching trains.

In *Morrison* v. *Erie Railway Co.*, 56 N. Y. 302, it was held that the question whether a person has been guilty of contributory negligence in attempting to alight from a car in motion is not in every case a question of fact for the jury; that when the facts are undisputed, the question of contributory negligence may become a question of law; and it was held to be such in that case.

*Bolger, J.,* in delivering the opinion of the court, said: "Can it be said that a person of ordinary care and prudence would have swung himself from a car in motion down to the ground in the dark, ladened with the weight of a child twelve years old, having but one hand and one arm to aid himself with, when there was no other danger to be avoided by meeting this, and no incentive to the act other than the inconvenience of being carried by his place of abode, and with a full apprehension of the danger he was about to incur? I think not, and am of the opinion that it is so clear, that the law and this court should have answered without calling in the aid of the jury."

*Gavett* v. *Manchester & Lawerence R. R. Co.,* 16 Gray, 501, is to the same effect. There it appeared that after the train started and was in motion, the plaintiff either passed out of the door and was on the platform of the car for the purpose of attempting to leave it or was actually stepping from the platform of the car upon that in front of the station. While thus situated she was thrown from the car and injured. The court said that it could not be doubted that the well-known hazards of traveling on railroads and the unprotected and exposed situation of persons standing on the platform of a car or attempting to leave it when the train is about to start or is actually in motion, render it unsafe for passengers to place themselves in such a position, and preclude the idea that due care can be exercised under such circumstances.

So, riding with an arm projecting out of the car window, whereby it is injured, is negligence *per se,* and precludes recovery. *Todd* v. *Old Colony &c. R. R. Co.,* 3 Allen, 18; 80 Am. Dec. 49.

In *Indianapolis ·&c. R. R. Co,* v. *Watson,* 114 Ind. 20; 5 Am. St. Rep., at page 591, it is said that if from the facts only one inference can be drawn, and that is that there was negligence, it must be adjudged as matter of law; or conversely, if it can be clearly affirmed as matter of law that there was no negligence.

the court must so declare. In *Seefeld* v. *Chicago &c. R. R. Co.* 70 Wis. 216, (5 Am. St. Rep. 168,) it is held that when the facts are undisputed and admit of no doubtful nor opposing inferences, the question of negligence is one of law.

Many other cases of like import might be cited, but these are quite sufficient to establish the proposition above laid down, namely, that when the standard of negligence is not prescribed, and there is a combination of facts and circumstances relied upon to show negligence, the question becomes one of law only when those facts and circumstances are so decisive one way or the other as to leave no reasonable doubt—no room for opposing inferences.

This brings us to consider whether, as matter of law, it was *prima facie* negligence for the plaintiff to be riding on the platform or the step as shown by the case. He was standing either on the second step or on the edge of the platform, with his back to the saloon window, holding on to the iron on the end of the car. There were notices on the car doors, forbidding persons to stand on the platform. The platform was full, and two small boys stood on the steps below him. The train was running at the rate of about thirty miles an hour at the lowest estimate; plaintiff's testimony tended to show that it was running much faster than that, and was swaying and jolting badly. There is nothing to show that the plaintiff was not an intelligent man, and in the full possession of his faculties. Add to this the well known fact that in this State railroads must be built with many and sharp curves, which cause fast-running trains to sway and lurch considerably, however good the track, thereby greatly increasing the danger to one riding on the platform or steps of being jolted and thrown off,—and can it be doubted that the position the plaintiff occupied was, in the circumstances, one of danger and hazard ? We think not. And because it was one of danger and hazard, it was *prima facie* negligence for him to occupy it.

But the plaintiff claims that the cases, especially in New York, are to a different intent, and hold that it is not *prima facie* negligence to ride on the platform of steam cars, and, among others, refers to *Willis* v. *Long Island R. R. Co.* 34 N. Y. 670, and *Werle* v. *Same*, 98 N. Y. 650. But we hardly think it is the law of New York that in no circumstances is it *prima facie* negligence for a passenger to ride on the platform of steam cars. To be sure in those cases it was held not to be such negligence for the plaintiffs to ride on the platform in the circumstances disclosed. In Willis's case it was not necessary to say anything about it, for his position neither caused nor contributed to his injury. But still the court said it was not *prima facie* negligence for him to be riding on the platform. And in *Nolan* v. *Brooklyn City &c. R. R. Co.*, 87 N. Y. 63, it is said, *obiter*, that the rule is settled that it is not, even in the case of steam cars, negligence *per se* for a passenger to stand on the front platform of a moving car. In Werle's case the court said that while the evidence as to many of the facts was conflicting, it thought there was nothing proved from which the court had a right, as a question of law, to attribute contributory negligence to the deceased, and that the whole case presented simply questions of fact for the consideration of the jury. The fair inference from this is, that the court thought there might be a state of facts shown in such a case that would make the question of negligence one of law.

In *Graville* v. *Manhattan R. R. Co.* 105 N. Y. 525, it is said to be unsafe as matter of common knowledge for a passenger to ride on the platform of a running train, and in *Clark* v. *Eighth Avenue R. R. Co.* 36 N. Y. 135, it was held to be *prima facie* negligence for a passenger to ride on the steps of a horse car; and it was laid down as a principal of law, that when it appears that a passenger was riding upon a car in a place of danger, his negligence is *prima facie* proved, and that the onus is on him to rebut the presumption. In Nolan's case it is said, referring to the case

last cited, that riding on the steps of a horse car is a position palpably more dangerous than riding on the platform. But we submit that it is no more dangerous than riding on the platform of a steam car when the train is in rapid motion. And in *Connolly* v. *Knickerbocker Ice Co.* 114, N. Y. 104, it is said that the fact that a passenger on a horse car stands on the outer platform when there is opportunity to take a seat in the car, might, in an action against the railroad company to recover damages for its negligence, constitute a defence in ordinary circumstances. Hence we conclude that in some circumstances it might be held in New York that riding on the platform of steam cars was *prima facie* negligence. But if the law of that State is otherwise, we are not disposed to follow it.

In Massachusetts the law is, as a general proposition, that standing on the platform of steam cars when the train is in motion is *prima facie* negligence. In addition to Gavette's case, already referred to, we refer to *Hickey* v. *Boston & Lowell R. R. Co.* 14 Allen, 429. That was a much stronger case for recovery than the one at bar, and yet the defendant had judgment. There the deceased had been riding in the smoking-car, and just before it was uncoupled to let the rest of the train run slowly into the station, he left it and, with other passengers, stepped upon the platform of the passenger car in the rear of it, with the intention of riding to the station in that position. The passenger car was going about five miles an hour, and ran against the smoker, which had been thrown across the track by a misplaced rail and switch, whereby the deceased received injuries from which he died. The court said that if an injury happens while the passenger is occupying a place provided for the accommodation of passengers, nothing further is ordinarily necessary to show due care ; but that when the plaintiff's own evidence shows he had left the place assigned for passengers, and was occupying an exposed position, and that the injury was due in part to the fact of such position, he must necessarily fail un-

less he can also make it appear, upon some ground of necessity
or propriety, that his being in that position was consistent with
the exercise of proper care and caution on his part; and as the
plaintiff in that case had no testimony tending to show proper
care on the part of the intestate, a nonsuit was entered. Al-
though the court does not say in so many words that the deceased
was *prima facie* negligent as matter of law, yet that is precisely
what the case comes to; and the fact that there was room inside
does not touch that question, because the presumption of negli-
gence arises from the position itself, as it is a dangerous position,
and one not provided for passengers to occupy while the train is
in motion. The necessity or propriety of his being there is an
element that comes in later, and for the purpose of rebutting the
presumption of negligence; but if it cannot be shown, the pre-
sumption remains and precludes recovery, if the negligence was
contributory.

In *Treat* v. *Boston & Lowell R. R. Corp.* 131, *Mass.* 371,
the plaintiff, on the whole case did not appear to be one who at
his own risk had voluntarily assumed an exposed position not in-
tended for passengers, and therefore the question of contributory
negligence was properly left to the jury. *Zemp* v. *Wilmington
& Manchester R. R. Co.*, 9 Rich. Law, 84, 64 Am. Dec. 763,
referred to by plaintiff, is not authority for him. There the plain-
tiff was standing on the front platform of the rear passenger car
at the time of the injury, which was occasioned by the overturning
of the engine when the train was moving from five to eight miles
an hour. The whole case depended upon whether the injury
was attributable to plaintiff's want of care. The court said that
plaintiff's position at the moment of the accident was wrong, but
that the proximate cause of the injury was the overturning of
the engine; that plaintiff's being on the platform did not neces-
sarily subject him to injury in an overturn any more than if he
had been in the car; but that if he had fallen off the platform
when the train was in motion, then he would have been obliged

to bear his injury, for then his own act would have been as much the proximate cause as the defendant's negligence.

*Camden & Atlantic R. R. Co.* v. *Hoosey,* 99 Pa. St. 492, is much in point. There the plaintiff below was a passenger on an excursion train of many cars, which were overcrowded, and the plaintiff and many others were unable to find seats. After searching for a seat and finding none, plaintiff took a position quite near the edge of the rear platform of one of the cars, and stood with his back to the end window of the car, and rode there, the cars being in rapid motion, till he was jolted off and injured. The court said that he was not only in a position of known danger, but was there voluntarily and against the rules of the company; that having shown by his own testimony that at the critical juncture he was in a position where no one of ordinary prudence should have placed himself, it was incumbent on him to show that he was there from necessity and not from choice; that the dangerous position on the platform in which he voluntarily placed himself while the cars were in rapid motion, was undoubtedly the immediate cause of his being jolted off; that if there had been any testimony from which it could have been reasonably inferred that he was there from necessity and not from choice, it would have been a question for the jury; but that in the absence of such evidence it was error to leave it to the jury to determine whether he was or was not guilty of contributory negligence. The plaintiff was the only person on the train who was injured, and the court said that he ought to have submitted to the inconvenience of standing in the cars.

Thus it is seen that on the authorities it is clearly maintainable that riding on the platform of steam cars in the circumstances disclosed in the case in hand is *prima facie* negligence as matter of law.

The plaintiff was the only person on the train who was injured; and that the position in which he was riding materially contributed to his injury, is not, and cannot be, questioned.

It remains to consider whether the testimony tended to show that the plaintiff was riding on the platform or the step, which-ever it was, for a reason that freed him from the imputation of negligence. His claim was, as shown by the charge and his testimony, that the passage where he stood after giving up his seat was crowded ; that most of those in his vicinity were ladies ; that the swaying and the jolting of the cars were such that his position was one of discomfort to himself and of evident discomfort and annoyance to others ; and that in consequence of this he concluded to go to the smoking-car. He testified that after taking his position on the platform or the step, he thought he would stay there a few minutes and then go back into the car he had left.

Thus it appears that the plaintiff had standing room in the car, which he might have continued to occupy, but which he chose to leave in order to free himself from discomfort and annoyance, and that he remained on the platform or the step in order to obtain temporary relief from that discomfort, intending in a short time to resume his former position in the car, which he might have done.

But passengers, especially on excursion trains, must expect more or less discomfort, and must endure it, rather than assume positions of danger and hazard not provided for their occupancy, for the purpose of avoiding it. Necessity alone can warrant the assumption of such positions. If they are assumed as matter of choice, and they contribute to injury, there can be no recovery. But what would constitute necessity in such cases, it is not easy to say. It may, perhaps, be safely said in a case like this, when nothing is said nor done by those in charge of the train to con-trol nor influence the conduct of the passenger, that the attend-ant circumstances must be such as not to leave the passenger free to choose—such as to coerce his action, and to compel him to assume the position as the best he could do at the time, acting as a careful and prudent man.

The testimony in this case did not tend to show any such coercion of circumstances — any such compulsion ; and therefore the case is, that the plaintiff was riding as matter of choice and not of necessity, in a dangerous place not provided for the occupancy of passengers, which contributed to his injury ; hence the court should have directed a verdict against him.

The record discloses another error.    The court submitted to the jury as one element bearing on the question of defendant's negligence in operating the train, the fact that there were but two brakeman upon it, although there was nothing tending to show that the train was in any respect improperly operated for lack of brakemen.    It is a familiar rule that it is not proper to submit to the jury an issue that the testimony does not raise. Their are no other points of exception that we deem it important to consider.

*Judgment reversed and cause remanded.*

TAFT, J., would render a final judgment for the defendant. But the rest of the court would remand, as the issues joined to the jury stand undisposed of on the record, and upon them the plaintiff has a right, and may desire, to introduce additional evidence, and we cannot say that no such evidence exists.

Start and Thompson JJ., did not sit, having been of counsel.