# Birmingham Railway, Light & Power Co. v. Yielding.

## Damages for Ejection of Passenger.

(Decided May 14, 1908.   46 South. 747.)

1. *Action; Single and Entire Cause; Carriers of Passengers.*— Where the gravamen of the count is the wrongful ejection of the pas-senger, other averments as to things proximately caused by the ejectment were mere matters of inducement or aggravation, and do not render the account subject to demurrer as seeking to recover both for the wrongful ejectment, and for the other causes.

2. *Carriers; Passengers; Ejection; Damages; Complaint.*—A count alleging that as a proximate consequence of the ejection the plain-tiff was wrenched, and made sick and sore, is a sufficient allegation of damages and good against demurrer.

3. *Same; Ejection of Passenger; Force.*—A carrier of passengers is answerable in damages for any unnecessary force or violence in-flicted upon the passenger by its agents acting within the scope of their authority in ejecting a passenger, although the lawful right to eject the passenger existed.

4. *Same; Complaint; Sufficiency.*—A count alleging that defendant's agent, acting within the line and scope of his authority, so negligently conducted himself in and about the carriage of plaintiff as a passenger that as a proximate consequence thereof, plaintiff was ejected from said train, was not demurrable for failure to show the facts wherein defendant's servants negligently conducted themselves, and wherein plaintiff's ejection was wrongful.

5. *Same; Plea.*—A plea in answer to an action for wrongful ejection of passenger which attempts to justify the ejection by the allegation that plaintiff changed cars during the journey and refused to pay a second fare after changing, was not good against demurrer unless it went further and showed a rule of the defendant requiring the collection of a second fare in such cases.

6. *Same.*—Where a carrier has a rule requiring the collection of fares from passengers travelling upon a train of several coaches operated by separate conductor upon a change of the passengers from one coach to another, a passenger is not authorized to take another car than the one on which he first took passage, and refuse to pay a second fare when demanded after being informed of the rules, although insufficient accommodations were provided in the first car.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by C. M. Yielding against the Birmingham Railway, Light & Power Company for damages for being ejected from defendant's car. · From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count in the complaint, after setting forth that defendant was a common carrier of passengers for hire by means of electricity, and that plaintiff became a passenger on one of the lines from Birmingham to Avondale, and had paid his fare thereon, alleges that, notwithstanding the duty of defendant's servants and agents on said train to transport him safely, the said agents or servants, acting within the line and scope of their authority as such, wrongfully ejected plaintiff from said train, and as a proximate consequence thereof plaintiff was wrenched, made sick and sore, and suffered other special damages. The second count contained the same allegations as to what defendant was, and that plaintiff was its passenger, and that plaintiff had paid his fare to be carried from Birmingham to Avondale.

It alleges that before said train reached Avondale defendant's servant or agent, acting within the line and scope of his authority as such servant or agent, while engaged in or about ejecting plaintiff from said train, used great and unnecessary force and violence, and as a proximate consequence thereof plaintiff suffered injuries and damages set out in the first count. Count 3 alleges that on said day plaintiff boarded said train at Birmingham, to be carried by the defendant as its passenger to said Avondale, and was received and accepted on such train by defendant's agent or servant, acting within the line and scope of his authority as such, and plaintiff paid to defendant the fare, to wit, five cents, regularly charged by it for so being carried; that defendant's servant or agent, acting within the line and scope of his authority as such, so negligently conducted himself in and about the carriage of plaintiff as defendant's passenger as aforesaid that as a proximate consequence thereof plaintiff was ejected from said train before the same reached Avondale and suffered the injuries and damages complaintd of.

Demurrers were filed as follows: To the first count: It does not appear therefrom how or wherein the assault on said plaintiff was the proximate consequence of said ejectment, for that the said count seeks to recover for an alleged wrongful ejectment and for an assault and battery in one and the same count. For that it does not appear therefrom that the alleged assault and battery committed on plaintiff is wrongful or unlawful, or that more force was used than was necessary in ejecting plaintiff from said train. The other demurrers to the first count raised the question of sufficiency of the allegations of damages. To the second count, the same as those filed to the first count, and with these additional: For that it does not appear that plaintiff

was wrongfully ejected from said train. For that it does not appear what force and violence was used against plaintiff. For that the nature, character, and extent of the force and violence used against plaintiff is. not set forth in said count. All the grounds of demurrer assigned to the first and second counts were assigned to the third count, with the additional ground that no facts are therein alleged showing wherein or how the defendant's servants or agents negligently conducted themselves in or about the carriage of plaintiff as a passenger, and that no facts are alleged therein showing wherein plaintiff's ejectment was wrongful. It does not appear with sufficient certainty wherein or how the defendant or its servants or agents violated any duty which it owed the plaintiff.

The defendant filed the following pleas after demurrer overruled: (1) The general issue. (2) "And for further plea and answer to plaintiff's complaint, and to each count thereof separately and severally, the defendant says that plaintiff ought not to have and maintain this action against defendant, for that defendant at the time of the wrongs and injuries alleged in said complaint was running or operating two cars, the one attached to the other, the front car being called the 'motor car' and the rear car being called the 'trailer car'; and defendant avers that defendant had a seperate conductor in charge of each of said cars at said time, and that plaintiff voluntarily took passage on the rear or trailer car, and paid his fare to the conductor in charge of said trailer car, while on said trailer car, and thereafter plaintiff disembarked from said trailer car and boarded and took passage on said motor car, and, upon demand being made of him by the conductor in charge of said motor car for his fare, plaintiff refused and failed to pay to said conductor in charge of said motor car

a fare entitling him to be carried as a passenger on said motor car, whereupon plaintiff was ejected from said motor car by the conductor of said car, because he refused and declined to pay his fare on said motor car, and insisted on riding on said motor car without paying his fare; and defendant avers that no more force than was necessary was used in ejecting plaintiff from said motor car." Pleas 3 and 4 were practically the same as plea 2, with the additional allegation that the company had a rule in force which required the collection of fares on each car of the train by the separate conductors on said cars, and that one taking passage on a motor car and paying fare thereon was entitled to continue on said car to his journey's end; but, if said passenger left the motor car and boarded the trailer, such passenger was required also to pay fare on the trailer, and vice versa, and that plaintiff had notice of this rule, and was advised of it before being ejected, and was given an opportunity to return to the car on which he originally took passage before being ejected.

Demurrers were interposed to plea 2, because it failed to show any legal justification for an attempt to collect two fares from the same person; for that it fails to aver or show any reasonable rule or requirement of defendant that plaintiff as its passenger should continue his journey in the same car it was begun, and because it fails to show that plaintiff had any knowledge of any rule under which it was prohibited from changing cars on the same train. To pleas 3 and 4 demurrers were interposed upon the same grounds as to plea 2, with the additional ground that the plea shows on its face that the rule is not reasonable, and that it fails to aver or show that plaintiff had knowledge of the rule before he became a passenger on said train, and that said plea

failed to show or aver that defendant furnished plaintiff with a convenient and comfortable place to ride on said trailer car.

To the third and fourth pleas the plaintiff filed the following replications: "For further reply to each of third and fourth pleas separately and severally plaintiff says that said trailer car and said motor car were attached together as said train, and both were being used by the defendant for the carriage of passengers at said time, and that said trailer car was crowded, and plaintiff could not obtain a seat thereon, and that plaintiff before said ejection informed the defendant's conductor of said motor car that said trailer car was crowded, and the said conductor knew that there was no seat available to plaintiff on said trailer car. (3) For further replication to each of third and fourth pleas separately and severally plaintiff says that said trailer car and said motor car were attached to the other as one train, and both were being used by the defendant for the carriage of passengers at said time, and that at the time he left said trailer car as stated in said plea it was very uncomfortable in said trailer car, in this, towit: There was no unoccupied seat on same, and said car was crowded, and men were smoking tobacco to such an extent that same was very uncomfortable to plaintiff, and plaintiff disembarked from said trailer car and took passage upon said motor car as aforesaid to escape the said inconvenience and discomfort, and before said ejection plaintiff informed the conductor of said motor car that said trailer car was crowded and of the discomfort on the trailer car, and neither said conductor nor defendant offered to remedy the same."

Demurrers were interposed as follows: To replication 2, because it is not alleged or shown therein that it was the duty of the conductor in charge of the motor

car to carry plaintiff as a passenger free on said car; for that plaintiff became a new passenger on said motor car when he boarded the same; for that said replication sets up a failure to provide plaintiff with a seat as an excuse for violation of a rule, of defendant; for aught that appears therefrom plaintiff was not refused a seat on said trailer car; for that said replication fails to show that plaintiff had demanded a seat on the car from which he disembarked; for aught that appears therefrom plaintiff did not have a seat on the trailer car when he paid his fare on said car. To the third replication the same as to the second with these additions: For that it appears therefrom that it became and was the duty of plaintiff either to have remained on said trailer car and brought his action for said discomfort, or to have paid his fare on said motor car and brought his action for said discomfort; for that it is not alleged or shown that plaintiff was forced to leave said trailer car by reason of any negligence or wrong of defendant, or its servants or agents; and for that said replication seeks to set up a wrong of defendant or its conductor in justification of his own wrong in insisting upon riding on said motor car without paying his fare. To both replications, for that they work a departure from plaintiff's cause of action, and that the replication sets up an alleged breach of contract.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The demurrer to the 1st count should have been sustained.—*City Del. Co. v. Henry*, 136 Ala. As should the demurrers to counts 2 and 3. Pleas 3 and 4 were good pleas.—*Bir. Ry. L. & P. Co. v. McDonough*, 153 Ala.122; *Lasca v. crd Ave. R. R. Co.* 57 N. Y. Supp. 395. The fact that the passenger has a well grounded complaint against the company for not providing adequate

accommodation, does not relieve him from the duty of leaving the platform and entering the car.—*Graybill v. Manhattan R. R. Co.*, 105 N. Y. 525; *Montgomery v. Buffalo Ry. Co.* 165 N. Y. 139; Nellis on St. Ry. Accident Law, pp. 133 and 161. If the carrier has a right to make a reasonable rule, it certainly has the right to enforce it.

BOWMAN, HARSH & BEDDOW, for appellee. The court did not err in overruling the demurrers to the complaint.—*B. R. L. & P. Co. v. Brown*, 43 South. 342; *Hanson v. Anderson*, 90 Wis. 195; 13 Cyc. 12; 8 A. & E. Ency of Law, 551. The demurrer to the 2nd count was properly overruled.—39 South. 680; *Woodstock Iron Co. v. Stockdale*, 143 Ala. 550. A reasonable rule may not be wrongfully applied.— *Kennedy v. Bir. Ry. L. & P. Co.* 138 Ala. 625; *Cherry v. R. R. Co.* 90 S. W. 381; 45 L. R. A. 112; 14 Am. Neg. Rep. 473; 15 Am. Neg. Rep. 521.

ANDERSON, J.—The graveman of the first count is the wrongful ejection of the plaintiff from the car, and the averment of other things proximately caused thereby are mere matters of inducement or aggravation, going to swell the damage. Nor was the first count of the complaint subject to the other grounds of demurrer insisted upon by the appellant in brief of counsel.

The second count does not charge that the ejection per se was wrong, but that it was made so by the use of unnecessary force and violence. Even if the defendant had the lawful right to eject the plaintiff, it would be answerable in damages for any unnecessary force or violence inflicted upon him by its agents acting within the scope of their authority. The trial court did not err in overruling the demurrer to the second count.

[Birmingham Railway Light & Power Co. v. Yielding.]

The third count of the complaint was not subject to the demurrer interposed thereto.—*Sou. Ry. Co. v. Burgess,* 143 Ala. 364, 42 South. 35.

The second plea attempted to justify the ejection of the plaintiff, but failed to set up any rule of the defendant, and the demurrer thereto was properly sustained.

The plaintiff's replications, in effect, concede the reasonableness of the rule, but attempt to set up a state of facts forbidding the enforcement of same, and which we deem insufficient to authorize a relaxation of said rule. If the facts were as set out in the replication, the plaintiff doubtless had his recourse for a breach of the contract, or of duty growing out of same; but the breach of the contract by the defendant, or a duty growing out of same, did not authorize the plaintiff to take passage in another car, controlled by another conductor, and continue the journey without paying the new fare demanded by the conductor, after informing him of the rule.—*Lasker v. Third Ave. Co.,* 27 Misc. Rep. 824, 57 N. Y. Sup. 395; *Gravill v. Manhattan R. R. Co.,* 105 N. Y. 525, 12 N. E. 51, 59 Am. Rep. 516.

The trial court erred in overruling the demurrers to the replications to pleas 3 and 4, and the judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

Tyson, C. J., and Haralson, Dowdell, Simpson, and Denson, JJ., concur