# Knight *v.* The State.

## *Murder.*

(Decided May 13, 1909. 49 South. 764.)

1. *Jury; Substitution of Jurors; Challenges.*—Under sections 7267 and 7268, Code 1907, where a mistake occurs in the name of the person summoned as a juror in a capital case and others are summoned to take the place thereof, the defendant has the right to peremptorily challenge any of the latter so summoned in addition to the regular peremptory challenges provided by law.

2. *Appeal and Error; Right to Allege Error; Estoppel.*—Where defendant's counsel stated to the court that he thought the defendant was entitled to another challenge and on being requested to state his grounds, failed or refused to do so, whereupon, the court replied, if you refuse to state the grounds, the court cannot allow another challenge, and declined to permit said challenge, the defendant is estopped to insist on appeal that the ruling was erroneous; where courts call on counsel to state the ground on which contention is rested, or ruling invoked, counsel is bound to comply with the request, and on failing or refusing to do so, the court may overrule the objection or motion.

[Knight v. The State.]

3. *Evidence; Conclusion.*—As to whether or not certain statements are made in a spirit of friendliness is a conclusion and inadmissible as such.

4. *Homicide; Evidence; Threats.*—Where threats have a direct reference towards deceased, or are capable of such construction, and are made by defendant they are generally admissible for the purpose of showing malice.

5. *Same; General Threats.*—A statement made by the defendant a few days before the difficulty in which he is alleged to have said that he would get him a damn man before he was twenty-one years old, not being shown to have any reference to the deceased, was inadmissible.

6. *Charge of Court; Credibility of Witness; Misleading Instructions.*—A charge asserting that if the jury believe from the evidence that either of said witnesses had been successfully contradicted as to any material evidence, the jury might, in connection with all the other evidence, disbelieve them entirely; that the jury might look to the testimony of two other named witnesses, if they belived it, that there was a lantern in the surrey in question, in connection with all the other evidence, in determining what credence they would put on the testimony of the witnesses contradicted, and that, if such witnesses had been successfully contradicted, the jury might, in connection with all the other evidence, disbelieve them entirely, was misleading in its tendencies as under it, the jury might be led to disregard their testimony on the mere consideration that it had been successfully contradicted as to a material fact and might conclude that the witnesses had testified conscientiously notwithstanding such seeming contradiction.

7. *Same; Request to Charge; Form.*—A request to charge that a defendant was not on trial for carrying a concealed pistol, and that such facts could not be waived in the case against him, asserted no proposition of law, and was properly refused.

8. *Same; Reasonable Doubt.*—Although objectionable as argumentative, a charge asserting that a reasonable doubt is not a mere possible doubt, because everything relating to human affairs and depending on mere evidence is open to some possible or imaginary doubt, it was not error of reversal to give it.

3. *Homicide; Self Defense; Force.*—A charge asserting that if the defendant was rightfully at the place where the difficulty occurred, and was attacked by deceased while there, defendant was authorized to repel force by force and protect himself against any assault which he did not himself bring about is improper for a failure to hypothesize that defendant did not employ more force than was necessary.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Jay C. Knight was convicted of murder in the second degree, and he appeals. Reversed and remanded.

The question propounded to the witness Adair was as follows: "Do you remember hearing Jay, some two or

three days before the difficulty over here at Carwisle's store, or in Alexander's store, make any threat?" and the answer: "I heard him make some threats, but don't remember about the time. I couldn't say postively whether it was just a few days before the difficulty or not"— and the following question: " State to the jury what you heard him say," and the answer, "I think he made the remark that he would get him a damn man before he was 21 years old."

The following charges were refused to the defendant: (H) "I charge you that, if you believe from the evidence in this case that either Robert Mellon, Will Green, or Will Alexander have been successfully contradicted as to any material evidence, the jury may, in connection with all the other evidence, disbelieve such witnesses so contradicted entirely." (J) "I charge you that you may look to the testimony of Watts and Shirly, if you believe it, that the lantern was in the surrey, in connection with all the evidence in the case, in determining what credence you will give to the testimony of Alexander, Mellon, and Green." (G) "I charge you that, if you believe from the evidence that Will Alexander, Robert Mellon, and Will Green have been successfully contradicted as to the place the lantern was at at the time of the difficulty, you may, in connection with all the other evidence, disbelieve such witnesses entirely." (13) "I charge you that defendant is not on trial for carrying a concealed pistol, and this fact or circumstance cannot be weighed in this case against him." (14) "If the jury believe the evidence that the defendant was rightfully upon the place where the difficulty occurred, and attacked by Will Mackey while there, then the defendant was authorized by law to repel force, and to protect himself against any assault which he did not himself bring about."

The court gave the following charge at the instance of the state: (J) "The court charges the jury that a reasonable doubt is not a mere possible doubt, because everything relating to human affairs and depending upon moral evidence is open to some possible or imaginary doubt."

WHATLEY & CORNELIUS, for appellant. The court erred in refusing to grant defendant peremptory challenge as requested.—Section 7268, Code 1907; *Smith v. The State*, 46 South. 236; 12 Ency P. & P. 473; 17 A. & E. Ency of Law, 1178; 74 Tex. 287; 35 W. Va. 320. The court should have permitted defendant to show that what was said was through a spirit of friendliness.— *Thornton v. The State*, 113 Ala. 43; *Linnehan v. The State*, 116 Ala. 480; *Bir. R. & E. Co. v. Franscomb*, 124 Ala. 623. Adair's testimony was improperly admitted.— *Redd v. The State*, 68 Ala. 492. Charges H, J, and G should have been given.—5 Mayf. 128. The court erred in giving the charge requested by the state. It is not similar to the charge held good in—*Pitts v. The State*, 140 Ala. 70.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State. The court properly overruled the motion to quash the venire.—*Jones v. The State*, 104 Ala. 9; *Martin v. The State*, 144 Ala. 8. Having refused to state the reasons for the motion and right to challenge, the court properly denied it.—*L. & N. v. Thornton*, 117 Ala. 274; *Thomas v. The State*, 150 Ala. 31. Whether or not the matter was said through a spirit of friendliness was a conclusion.—*Hill v. The State*, 137 Ala. 66. Threats made by defendant were properly admitted.—*Ford v. The State*, 71 Ala. 385; *Jordan v. The State*, 79 Ala. 9.

The defendant may be contradicted by proof of contradictory statements made by him.—*Smith v. The State,* 137 Ala. 22. Charge H was properly refused.—*Brown v. The State,* 142 Ala. 287. Charge J was properly refused.—*Hussey v. The State,* 86 Ala. 34; *Austin v. The State,* 145 Ala. 37. Charge 9 was properly refused.— *Prater v. The State,* 107 Ala. 28. Charges 6 and 10 were properly refused.—*Morris v. The State,* 146 Ala. 66. Charge 12 was properly refused.—*Reese v. The State,* 135 Ala. 13; *Stallworth v. The State,* 146 Ala. 8. The charge given at the instance of the state were correct.—*Long v. The State,* 84 Ala. 81; *Stallworth v. The State, supra; Roberts v. The State,* 68 Ala. 156; *Morris v. The State, supra; Smith v. The State,* 118 Ala. 17.

DENSON, J.—A mistake occurred in the names of two of the veniremen, and on motion of the defendant they were discarded, and two jurors were summoned, in accordance with section 7267 of the Code of 1907, and their names placed in the hat, with the names of the other jurors, in substitution for the two discarded. Section 7268 of the Code provides that a defendant may peremptorily challenge such substituted jurors, "in addition to the other peremptory challenges allowed him by law." After the defendant had peremptorily challenged 21 jurors, including one of the two (Mr. Robertson) who were substituted for those discarded, W. P. Hanson qualified, and was put upon the defendant. In this connection, the bill of exceptions contains the following recitals: "Counsel for defendant stated to the court that he thought defendant was entitled to another challenge. The court asked counsel on what ground he thought defendant was entitled to one more challenge, and said counsel failed or refused to state any ground, and the court stated: 'If you refuse to state the ground, the court can't allow an-

other challenge.' Hanson was then challenged by the defendant, telling the court at the judge's desk, in a low tone, that he challenged said juror; but the court refused said peremptory challenge and directed the juror to take a seat as a juror, and to this action of the court defendant then and there reserved an exception. Counsel for defendant did not call the court's attention to section 7268 of the Code of 1907, or in any way give any reason why defendant was entitled to another challenge." While it was the statutory right of the defendant to challenge the juror (*Smith's Case,* 155 Ala. 77, 46 South. 236), yet this court is of the opinion that, under the facts disclosed by the bill of exceptions, the conduct of defendant's counsel towards the court, in respect to the matter at issue, estops the defendant from insisting that the ruling of the court was reversible error. It is the duty of an attorney, in the trial of causes, to aid the court, to the end that error in the course of the trial may be avoided, and, when called upon by the court, to state the ground upon which a contention is rested or a ruling is invoked. The duty rests upon the attorney to comply with the request, and to give the court the benefit of the information he posesses; and failing, or "refusing," so to do, no duty rests upon the court to cast about to ascertain the grounds upon which the ruling is invoked, and it may overrule the objection or motion without committing reversible error.—*Wallis v. Rhea & Ross,* 10 Ala. 453; *Sanders v. Knox,* 57 Ala. 80. It is true that, in the cases cited, the question arose on the admissibility of testimony; but the principle upon which the rulings were made in those cases is applicable here. It is no answer to this proposition to say that the court was familiar with the statute giving the right of challenge. This may be true, but can it be presumed that the court knew or

remembered that Robinson, who had been peremporily challenged, was one of the jurors in substitution of another whose name had been discarded, and was mindful of the fact at the time? How easy it would have been for the attorney to remind the court of the fact that Robertson was a substituted juror, and that, under the statute, defendant's challenge of that juror could not be charged against him, in estimating his quota of 21 peremptory challenges. Upon the suggestion of such fact, it cannot be doubted the trial court would have readily accorded the right of challenge which counsel said he "thought defendant was entitled to."—*L. & N. R. R. Co. v. Thornton,* 117 Ala. 274, 284, 23 South. 778; *Thomas' Case,* 150 Ala. 31, 47, 43 South. 371.

The court committed no error in sustaining the objection to the question propounded to the witness Tom Green, namely, "Was that said through a spirit of friendliness?" Manifestly the question called for an opinion or conclusion of the witness.—*Hill's Case,* 137 Ala. 66, 34 South. 406, and cases cited in the opinion in that case. See, also, *Harrison's Case,* 78 Ala. 5. Threats made by the defendant are generally admissible, as tending to show malice on his part towards the deceased person, with the killing of whom he is charged; but, to be admissible, they must either have direct reference to the deceased, or must be capable of such construction. In view of the principle last above stated, we are of the opinion that the trial court committed reversible error in admitting the testimony of witness H. L. Adair (R., p. 60). The cases cited by the Attorney General *Ford's Case,* 71 Ala. 385, and *Jorden's Case* 79 Ala. 9), to support the ruling of the court below, are not in point, as in each of these circumstances were shown from which the jury might infer that the deceased person came within the scope of the threat made. Here the witness testified

that he thought that defendant, a few days prior to the difficulty "made the remark that he would get him a damn man before he was 21 years old." The testimony shows that deceased and defendant were on friendly terms to even within a few minutes before the fatal encounter, and there is not a circumstance in the testimony which can be construed as bringing the deceased within the very general statement attributed to the defendant, unless it be the fact that the deceased was one of the human race at the time—which alone, in our opinion, could not serve the purpose of pointing the threat towards the deceased.—*Redd's Case*, 68 Ala. 492; *King's Case*, 89 Ala. 146, 7 South. 750; *Henson's Case*, 120 Ala. 316, 25 South. 23.

It is next insisted by counsel for the appellant that the trial court erred in refusing charges H, J, and G. In *Hall's Case*, 130 Ala. 45, 55, 30 South. 422, this court, through McClellan, C. J., said, of a requested charge (4), couched in almost the same, if not the identical, language of charge H in the case at bar (names of parties aside), that it had a tendency to mislead the jury to discard the witness' testimony upon the mere consideration that it had been successfully contradicted as to a material fact, when they might have concluded that he had testified conscientiously touching that fact and was honestly mistaken in regard to it. Again, in *Brown v. State*, 142 Ala. 287, 38 South. 268, it was said, concerning a charge similar to charge H, here, that it asserted an incorrect proposition of law; and the cases of *Gregg v. State*, 106 Ala. 44, 17 South. 321, and *Williams v. State*, 114 Ala. 19, 21 South. 993, were expressly overruled on the point. It follows that charge H was properly refused. Charges J and G do not materially differ from charge H, and they also were properly refused.

Charge 13 asserts no proposition of law, nor does the record disclose that there was even any insistence that the defendant was on trial for carrying a concealed pistol. The charge was properly refused.

Charge 14, if not bad in other respects, possesses the vice of failure to hypothesize the employment, by the defendant, of no more force than was necessary. The charge was properly refused.—*Myer's Case*, 62 Ala. 599.

While charge J, requested by the state, is argumentative, yet the court committed no error in giving it.— *Pitt's Case*, 140 Ala. 70, 37 South. 101.

In this opinion we have discussed and disposed of all the questions presented by the record and argued and insisted upon in the appellant's brief.

For the error pointed out, the judgment of the lower court must be reversed, and the cause will be remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.