[Birmingham Water Works Company v. Wilson.]

# Birmingham Water Works Company v. Wilson.

### Damages for Cutting Off Water Supply.

(Decided April 20, 1911.   Rehearing denied Dec. 14, 1911.
56 South. 760.)

1. *Water and Watercourses; Public Supply; Turning Off.*—Where a public service water company, under a mistaken belief that a certain party had not paid his water rent for the current quarter, cut off his supply, it was such negligence as warranted a recovery for compensatory damages.

2. *Same; Punitive Damages.*—The evidence in this case stated and examined and held not to show such wanton or intentional injury as warranted the imposition of punitive damages.

3. *Damages; Punitive Damages; Right to Recover.*—Where a injury is inflicted by wanton or intentional conduct, or results from such gross negligence as to raise a presumption that the person at fault was conscious of the probable consequences of his negligence, and indifferent to the danger of injury to the person or property of others, or .where the act was done willfully, the person injured may recover punitive damages.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by C. W. Wilson against the Birmingham Water Works Company for damages for cutting off his water supply. Judgment for plaintiff and defendant appeals. Reversed and remanded.

LONDON & FITTS, for appellant. Under the facts in this case the court was in error in saying that the plaintiff might, if the jury so decided, be awarded punitive damages.—*Folk's case,* 115 Ala. 287; *G. P. Ry. Co. v. Lee,* 92 Ala. 262; *Anniston P. Works v. Dickey,* 93 Ala. 421; *R. R. Co. v. Foster,* 134 Ala. 244; *Montgomery St. Ry. v. Rice,* 142 Ala. 674.

HARSH, BEDDOW & FITTS, for appellee. No brief reached the Reporter.

PELHAM, J.—Although a number of assignments of error are made, all of those insisted upon, except as to the question of excessive damages raised on the motion for a new trial, go to the right of the appellee (the plaintiff below) to recover of the appellant (the defendant below) exemplary, punitive, or vindictive damages. The question is presented by appellant in different forms: First, by exceptions reserved to certain parts of the oral charge of the court submitting to the jury the right to award appellee exemplary or punitive damages; second, by exceptions reserved to the refusal of the trial court to give charges requested in writing by the appellant to the effect that appellee was not entitled to recover such damages; and, third, by exceptions reserved to the court's refusal to give the general affirmative charge as to that count of the complaint seeking to recover punitive, exemplary, or vindictive damages.

The plaintiff (below) was a customer of the defendant (below) water company, in the sense that the water company, as a public service corporation, was furnishing the plaintiff water for domestic purposes. In February, 1909, the plaintiff's supply of water at his home in Ensley was turned off by the agents or employes of the defendant company, notwithstanding he had previously paid for water service for the first quarter of that year, or the months of January, February, and March of the year 1909. These facts are not seriously disputed, and show a wrong inflicted upon the plaintiff through the defendant's negligence. Was the defendant's negligence of such a degree as to entitle plaintiff to have the question of awarding punitive, exemplary, or vindictive damages submitted to the jury.

The plaintiff testified that about the second or third day after the water supply was turned off he called up

[Birmingham Water Works Company v. Wilson.]

the defendant company's office over the telephone, gave the number of his meter, and inquired if they had ordered the water cut off, and was informed they had. Upon inquiring the reason, plaintiff was informed he would have to pay the water rent to get it turned on. To this plaintiff replied he had paid the rent, and owed nothing on that account. The water was not turned on, and about three or four days later plaintiff again called the company's office, over the telephone, and talked with the manager, a Mr. Foster, telling him of the inconvenience of having to carry water from some distance to his home. The manager, Foster, called to some of the office force, and had the books examined, and stated the books of the company showed the plaintiff's water rent for the quarter in question had not been paid. The plaintiff informed the manager in this conversation over the telephone that his water rent was paid, and he was not responsible for the books failing to show it, and the defendant's employe or officer closed the conversation by "hanging up" the telephone. The water was not turned on plaintiff's premises, and no further complaint was made until four or five days after this second conversation, when plaintiff again called the defendant's office over the telephone, and talked with some one in the office, who, he thinks, was the same person, Mr. Foster, the manager. In this conversation plaintiff informed the party in the company's office, in answer to an inquiry of how he knew he had paid the disputed water rent, of having a receipt, and where it could be seen—in his lawyer's office. "Immediately after that the water was turned on." The plaintiff also stated: "Every time I called, I heard them looking up the books. I think on each conversation they told me the books failed to show that the water rent had been paid. I

did not tell them I had a receipt until the last conversation." In another part of the evidence plaintiff states he had informed the party to whom he talked over the telephone of having a receipt before the last conversation.

The other testimony in the case sheds no light upon the proposition of plaintiff's right to have the question of recovering exemplary, punitive, or vindictive damages submitted to the jury. There can be no question but that the defendant was guilty of negligence in cutting off plaintiff's water supply when it had been paid for; yet, if there was no evidence to warrant the submission of the question of punitive damages to the jury, if there was no evidence to justify awarding such damages, it was error to submit that question to the jury. —*Peters v. Southern Ry. Co.*, 135 Ala. 533, 33 South. 332; *Birmingham Ry. L. & P. Co. v. Franscomb*, 124 Ala. 621, 27 South. 508, and cases cited. The appellant insists that the trial court erred in allowing the jury to consider giving punitive damages under the evidence adduced upon the trial in this case.

It has long been settled by a line of well-considered decisions in this state that, where the injury is inflicted by wanton or intentional conduct, punitive damages may be recovered.—*Lienkauf v. Morris,* 66 Ala. 406; *Wilkinson v. Searcy,* 76 Ala. 176; *L. & N. R. R. Co. v. Whitman,* 79 Ala. 328; *Ala. Gt. Sou. R. R. Co. v. Sellers,* 93 Ala. 9, 9 South. 375, 30 Am. St. Rep. 17; *Ala. Gt. Sou. R. R. Co. v. Frazier,* 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; *Highland Ave. & Belt R. R. Co. v. Robinson,* 125 Ala. 483, 28 South. 28; and the many cases cited in the above decisions. The rule authorizing the recovery of punitive damages is thus stated by Stone, C. J., in *Wilkinson v. Searcy,* 76 Ala. 176: " * * *

To authorize punitive, exemplary, or vindictive damages (different names for the same thing), there must be 'gross negligence within the strictest signification of the phrase, which must be construed to mean such entire want of care as to raise a presumption that the person in fault is conscious of the probable consequences of his carelessness, and is indifferent, or worse, to the danger of injury to the persons or property of others;' or that the act complained of 'was done wilfully [in its strong sense], or was the result of that reckless indifference to the rights of others, which is equivalent to an intentional violation of them;' or 'where the injury has been wanton, or malicious, or gross;' or 'where fraud, malice, or oppression appears.' * * * " We think this the correct rule. There must be some evidence of intentional, willful ("in its strong sense"), or wanton conduct, a conscious willingness to inflict injury upon appellee by the water company's employes, or some of them to authorize submitting to the jury the question of punitive damages. The question vel non is one for the court. A careful examination of the evidence does not disclose anything authorizing a recovery of punitive damages.

Evidently the course of the trouble arose from the negligent omission of the appellant to have its books properly kept, or its negligence in not having its water rent collections reported, but neither in this nor in the subsequent conduct of the appellant's employes in dealing with the transaction do we find anything that can be characterized as intentional, willful, or wanton acts of commission or omission, or such as are equivalent to reckless indifference of known harmful consequences, or a conscious willingness to inflict injury. The case presented shows negligence, but no wanton or wilful

wrong, and the general affirmative charge should have been given the defendant below as to punitive damages.

It is not necessary to consider the question as to whether or not the damages assessed by the jury are excessive, as the case must be reversed and remanded for a new trial for the errors committed by the trial court, as above set out, in submitting to the jury the right to award punitive damages.

Reversed and remanded.

## On Application for Rehearing.

PER CURIAM.—In summarizing the evidence in the original opinion in this case, the fact was not embraced in the summary made of the testimony that the plaintiff testified that he had informed the defendant's agent or officer in the second conversation had with him over the telephone that there was sickness in his family; but this can in no way affect the original conclusion that the evidence does not disclose a case in which a recovery of punitive damages would be authorized, and that the submission of that question to the jury was error.

The plaintiff had paid his water rent for the quarter in question, and it was wrongfully cut off by the defendant until the second or third day thereafter, when he was informed by the officer or agent in charge of the defendant's business at its office that the books did not show the rent to be paid, and that he would have to pay his water rent before the water would be turned on. After waiting for a period of three or four days, the plaintiff again made complaint, and was again informed that the books of the company did not show payment. After waiting for three or four days after this, the plaintiff entered another complaint at the company's office, and for the first time told the defendant

that he had a receipt for the water rent, and informed defendant where it could be seen, and the water was turned on as soon as the receipt could be inspected. There was nothing in the evidence to show that the injury was wantonly or intentionally inflicted on the plaintiff, or that the defendant acted with reckless indifference to the probable consequences and resulting injury; on the contrary, as soon as the plaintiff gave the defendant the proper information on which it could act, it acted promptly and corrected the wrong.

When the plaintiff entered his complaint at the office of the company, his conversation is shown to have been with an officer of the defendant who was not informed any more that the plaintiff's statement that he had paid the water rent was correct than that the books of the company showing the rent had not been paid were correct, and it is reasonable to suppose that the officer was acting in good faith upon the statements shown upon the books, and why the plaintiff should be so dilatory in making complaints, and show so much reticence about informing the officer of defendant with whom he communicated over the telephone that he held a receipt that would have promptly put an end to further trouble and injury, is not necessary to consider, further than to say that these acts on the part of the plaintiff are not to be attributed to the defendant for the purpose of making it liable in punitive damages.

Application denied.