[Edwards v. Massingill.]

# Edwards *v.* Massingill.

*Damage for Setting Out Fire.*

(Decided Jan. 9, 1912.  57 South. 400.)

1. *Damages; Punitive; Wanton or Malicious Conduct; Evidence.*—The fact that one personally started or directed his employees to start a fire for a legitimate purpose on land under his control was not in itself sufficient to justify the awarding of punitive damages for the burning of the property of another caused by the fire spreading, and where there was no intent to inflict injury, or any wanton or malicious conduct amounting to a reckless indifference, punitive damages could not be awarded.

2. *Appeal and Error; Harmless Error; Instructions.*—Where punitive damages were not recoverable but were submitted to the jury under instructions authorizing their recovery, and this court on appeal from the judgment on the verdict cannot say whether punitive damages were included, the error in submitting that question to the jury, cannot be said to be harmless.

3. *Evidence; Opinion Evidence.*—A farmer who has had considerable experience with fences, but who had not seen the particular fence for two or three years before its destruction by fire was not competent to testify whether the fence was sufficient to turn cattle.

4. *Same; Conclusion.*—Where the action was for damages for setting out fire which destroyed property, the plaintiff could not testify that the defendant acknowledged that the fires set out by him destroyed plaintiff's property, as the proper method was to state the conversation and let the jury draw the conclusion.

5. *Negligence; Fires; Liability.*—One who lawfully and prudently sets out a fire on his own premises for legitimate purposes for his own uses is not liable for the destruction of his neighbor's property by the fire in the absence of evidence of negligence in setting out or managing the fire, but one who sets out a fire is responsible for injuries due to his failure to use reasonable care in kindling a fire, and in keeping it from spreading to the lands of another.

6. *Charge of Court; Misleading.*—Where a party deems a charge misleading though applicable to the issues, it is his duty to request an explanatory charge.

APPEAL from Escambia Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by C. W. Massingill against J. L. Edwards for setting out a fire and destroying a fence. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

[Edwards v. Massingill.]

The first count is for punitive damages. The other counts declare on simple negligence for communicating fire to certain property, some of which placed the negligence upon the defendant, and others upon the negligence of servants or employees of the defendant acting within the line and scope of their employment.

Jernigan was introduced as a witness for the defendant, and testified in effect that he had been a farmer for 50 years, and had had considerable experience with fences, both in the construction and moving thereof; that he had not seen the fence in question for a year or more, and that he had never seen the horse stalls to notice them; that the fence seemed to be old and rotten. Thereupon the counsel for defense asked the following question: "Based on your experience, and as a farmer, and the experience you have had, was this fence sufficient to turn cattle out of their farm—to keep cattle out?" The court sustained plaintiff's objection.

Charge 1, requested by appellee, is as follows: "I charge you, gentlemen, that the defendant Edwards, in using fire upon the premises, was compelled at his peril to keep it there; and if the defendant or his servants, as alleged in the complaint, were guilty of negligence, in either setting out the fire that destroyed Massingill's fence, or in negligently permitting it to spread to said fence so destroyed, then you will find for the plaintiff."

LEIGH & LEIGH, and JAMES M. DAVIDSON, for appellant. It is not competent for the plaintiff to state that the defendant acknowledged that his fire burned the fence.—*Jones v. The State*, 156 Ala. 175; *Bickley v. The State*, 89 Ala. 34; *Moses v. The State*, 88 Ala. 78; *B. R. & E. Co. v. Baylor*, 101 Ala. 488; *McCutcheon v. Loggin*, 109 Ala. 457; *Tanner v. L. & N.*, 60 Ala. 621. The defendant should have been allowed to show by its

witness who was a farmer and acquainted with fences; that the fence destroyed would not turn cattle.—*A. C. C. & C. Co. v. Pitts,* 98 Ala. 285; *Baker v. Cotney,* 142 Ala. 566; *McNamara v. Logan,* 100 Ala. 187; *Culver. v. A. M. Ry. Co.,* 108 Ala. 330; *A. G. S. v. Lynn,* 103 Ala. 134. The court erred in giving charge 1 requested by plaintiff.—29 Cyc. 460; 52 Am. Dec. 533; 8 L. R. A. (N. S. 1263. The charge also pretermits any question of proximate cause.—*Decatur C. W. & M. Co. v. McHaffey,.* 128 Ala. 242; *L. & N. v. Kelton,* 112 Ala. 533. The charge also invades the province of the jury. —*Manistee M. Co. v. Hobdy,* 165 Ala. 411. The evidence did not warrant the imposition of punitive damages.—*B. R. & E. Co. v. Bowers,* 110 Ala.. 328; *B. R. L. & W. P. Co. v. Brown,* 150 Ala. 327, and authorities there cited. The court, therefore, improperly submitted that question to the jury, authorizing the recovery of punitive damages.—*Harold Bros. v. Jones,* 98 Ala. 348; *Snedecor v. Pope,* 143 Ala.. 275.

G. W. L. SMITH, for appellee. The statutes on the subject will be found in sections 6303-08, 6906 and 7837,. Code 1907. The court did not err in giving charge 1.. There are two kinds of willful wrong.—92 Ala. 270; 114. Ala. 499; 105 Ala. 605; 110 Ala. 331; 117 Ala. 384; 124 Ala. 375; 131 Ala. 595; 135 Ala. 537. On these authorities, it must be held that the court properly declined to give the charges requested by the defendant. There was evidence authorizing a finding of willful or intentional wrong.—*Mitchell v. The State,* 60 Ala. 30; 1 Mayf. 412. The court did not err in giving charge 3 requested by plaintiff.—100 Ala. 668; 55 Ala. 387; 49 Ala. 507; 32 Ala. 703; 84 Ala. 147; 138 Ala. 498. The witness Jernigan was not shown to be such an expert as to

authorize him to testify whether the fence would turn cattle.—12 Ala. 648; 51 Ala. 121; 77 Ala. 33; 107 Ala. 57; 109 Ala. 457.   The plaintiff could testify that the defendant acknowledged burning the fence.—51 South. 835; 52 South. 204; 53 South. 98; 90 Ala. 41; 132 Ala. 471; 138 Ala. 432; 54 South. 512.

PELHAM, J.—The two separate suits brought in the justice of the peace court by appellee were by agreement consolidated and tried as one case on one complaint in the circuit court, where judgment was rendered against appellant, from which this appeal is prosecuted.   The consolidated complaint filed in the circuit court contained five counts, and the case was tried on pleas of the general issue to each of the counts.   The first count of the complaint claims punitive damages, and in this count it is alleged that defendant willfully set fire to and destroyed 572 panels of the plaintiff's rail fence. The evidence shows that the appellant was in possession of the property on which the fire was started, or "set out," and was engaged in running a turpentine business for the purpose of getting crude turpentine, and that the fire was set out in this turpentine orchard for the purpose of burning off the woods to prevent the turpentine orchard from being injured by subsequent fires, as was usual and customary in connection with the work in which appellant was engaged.   The lease under which the turpentine operations were carried on was made to C. W. Edwards, a brother of the appellant, and the appellant seems to have taken over the business without a written transfer of the lease, but whether appellant was in possession and conducting the business in his own right as transferee of his brother, or by permission of his brother, makes no difference under the issues involved, as he was in the rightful possession and

working the trees for turpentine purposes, and his right to conduct the operations on the land was not a matter of dispute on the trial. The fire thus started on the premises under control of appellant and of which he was in possessin under a "turpentine lease" either as the transferee or by permission of his brother as the owner of the lease, spread to and burned over on the adjoining premises of appellee and destroyed some of his property, consisting of a part of his fence, stalls, etc. The appellant, it seems, intrusted the burning of the woods to his employees, and the evidence is in conflict as to whether the appellant, or his employees, were guilty, under the circumstances, of negligence, in the first instance, in setting the fire out; and, secondly, in not keeping the fire confined to appellant's premises, and in allowing it to spread to the adjoining land and burn and damage appellee's property.

There is, however, no evidence contained in the bill of exceptions tending to show that appellant willfully set fire to and burned the appellee's fence as alleged in the first count of the complaint. This count of the complaint is in trespass, and there was no evidence to support it, or to authorize the submission of the recovery of punitive damages to the jury under its averments. The fact alone that appellant gave orders to set out the fire for legitimate and proper purposes on land under his control, or that the fire was personally started by him under such circumstances is not sufficient in itself, without some element of gross negligence attending the act, to entitle the appellee to recover punitive damages, or smart money. The evidence shows no design, purpose, or intent on the part of appellant or his employees to inflict the injury or loss on appellee, nor any wanton or malicious conduct on the part of any of them amounting to a reckless indifference to conse-

quences such as would make the appellant liable to respond in punitive damages. The setting of the fire and the failure to confine it to appellant's own premises was characterized by no act, nor was it done under circumstances such as would amount to more than simple negligence, so far as shown by the evidence set out in the bill of exceptions; and certainly did not constitute a trespass as averred in the first count of the complaint.

The value of the damage suffered varied under the estimates given by different witnesses from six or eight dollars to an amount in excess of the sum claimed in the complaint, and, the verdict being for fifty dollars, we are unable to say whether or not a recovery was had for punitive or exemplary damages under the first count of the consolidated complaint, and the court committed error that must work a reversal of the case in refusing the general charge requested in writing by appellant on the first count of the complaint.—*B'ham Water Wks. Co. v. Wilson,* 2 Ala. App. 581, 56 South. 760; *Snedecor v. Pope,* 143 Ala. 275, 39 South. 318; *B. R. L. & P. Co. v. Brown,* 150 Ala. 327, 43 South. 342; *Peters v. So. Ry. Co.,* 135 Ala. 533, 33 South. 332; *B. R. L. & P. Co. v. Franscomb,* 124 Ala. 621, 27 South. 508; *B. R. L. & P. Co. v. Bowers,* 110 Ala. 328, 20 South. 345.

There was sufficient evidence to submit to the jury the question of appellant's liability under each of the other four counts of the complaint; but, as the case must be reversed for the error pointed out, it is not necessary to give extended discussion to the other assignments of error.

The question asked the witness Jernigan was leading and did not specify the time; the witness had testified he had not seen the place for two or three years, and the opinion sought to be elicited was shown to be based on information too remote, uncertain, and indefinite.

[Edwards v. Massingill.]

There was no error in giving charge No. 1 requested by appellee. While it is true that where one lawfully and prudently kindles a fire on his own premises for a legitimate purpose and with a good motive to serve his business or domestic use, in the absence of negligence in its setting out or management, he is not liable to his neighbor for damage that may be occasioned from the fire, yet it is also true that a person who sets out a fire is responsible for injury or damage due to failure on his part to use prudence and reasonable care and caution in kindling the fire and keeping it from spreading to the lands of another. The charge limits the "peril" under which the appellant was compelled to keep the fire on his own premises to the negligence averred in the complaint, on which the appellant had taken issue. If the appellant deemed the charge misleading in this particular, it was his duty to have asked an exlanatory charge.—*Hammond v. State*, 147 Ala. 79, 41 South. 761; *Vandiver v. Walker*, 143 Ala. 411, 39 South. 136; *Daniel v. Bradford*, 132 Ala. 262, 31 South. 455; *Evans v. State*, 120 Ala. 269, 25 South. 175; *Abraham & Bro. v. Nunn*, 42 Ala. 51.

The evidence in many particulars was in conflict as to appellant's connection with the fire, and the appellee should not have been allowed to testify that appellant "acknowledged that his fire burned the fence." The statement was a conclusion or impression made on the mind of the witness from what was said, and he should have been required to state the conversation and allow the jury to draw the conclusion, unaided by the conclusion or inference drawn by the witness.—*Knight v. State*, 160 Ala. 58, 49 South. 764; *A. B. & A. Ry. Co. v. Brown*, 158 Ala. 607, 48 South. 73; *City of Anniston v. Ivey*, 151 Ala. 392, 44 South. 48; *B. R. L. & P. Co. v.*

*Randle,* 149 Ala. 539, 43 South. 355; *W. U. Tel. Co. v. Merrill,* 144 Ala. 618, 39 South. 121, 113 Am. St. Rep. 66.

For the errors pointed out and discussed above, the case must be reversed.

Reversed and remanded.