# Bain, *et al. v.* Hodges.

*Setting out Fire.*

(Decided May 9, 1912.   58 South. 957.)

1. *Appeal and Error; Findings; Objections Below.*—Where the action was by two plaintiffs for the destruction of cotton seed by fire, and the bill of exceptions disclosed some evidence from which it could be inferred that the plaintiffs jointly owned the property and it did not appear that the ownership was questioned in the court below, a finding of joint ownership by the jury will not be disturbed, although the bill fails to disclose facts as to the contract sufficient to show whether the joint plaintiffs were tenants in common or whether one was the tenant of the other, although one plaintiff contradicted himself in his testimony on this point.

2. *Negligence; Setting Out Fire; Instruction.*—The evidence in this case examined and held to require the giving of a charge that if the defendant set out the fire on a dry and windy day in a dry clover field, knowing that the clover would burn and probably spread to the cotton, then it was negligence if he immediately went away, and while away, the fire got beyond control and spread to the cotton, notwithstanding the best efforts of the defendant and his servant to prevent it.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. N. Bain and another against Mont. G. Hodges, for damages for the destruction of cotton seed by setting out fire.   Judgment for defendant and plaintiffs appeals.   Reversed and remanded.

STREET & ISBELL, for appellant.   A witness cannot be impeached by showing specific habits singled out for that purpose.—*Sweatt v. The State,* 156 Ala. 85; 5 A.

& E. Enc. of Law, 85. The court erred in giving charges C. and E. at defendant's request.—*Robinson v. Cowan,* 158 Ala. 603; *McNally v. Coldwell,* 30 Am. St. Rep. 501; 29 Cyc. 460. The charge requested by the plaintiff should have been given.—30 Am. St. Rep. 494; 50 Id. 215; 22 Id. 582; 14 Minn. 153; 41 La. Ann. 992; 20 N. Y. 112; 54 Maine 256; 9 Am. Rep. 63. The jury found the joint ownership, and this finding will not be disturbed on appeal.—*Hendricks v. Clemmons,* 147 Ala. 590; *Autrey v. Freize,* 59 Ala. 587.

JOHN A. LUSK & SONS, for appellee. The rulings of the court on the admission of evidence, and in giving and refusing the charges were in strict accord with the rules laid down in *Robinson v. McCowan,* 158 Ala. 603. In any event, the evidence showed ownership in one while the complaint alleged a joint ownership, and hence, the misjoinder was fatal.—4 Mayf. 364.

DE GRAFFENRIED, J.—In the opening part of his testimony, W. N. Bain, one of the plaintiffs (and one of the appellants here), testified that he and John Reese, the other plaintiff (and the other appellant here), "were the owners of about 4,500 pounds of seed cotton in a pen on witness' land, and that on that date it was destroyed by fire. The cotton was raised by Reese on witness' land, picked by him, and put in the pen." In another part of his testimony the witness said: "The plaintiff John Reese was renting witness' land that year, and that witness had a mortgage on Reese's crop. That the crop was still undivided." Whether this last-quoted statement from the witness' testimony was made upon his direct or his cross-examination the bill of exceptions fails to disclose. It is sufficient for us to say that, in one part of his testimony, the witness testified that he

and Reese were the "owners of the cotton," meaning thereby that they were tenants in common of the cotton, and in another part of his testimony that Reese was his *tenants,* which, if true, rendered Reese the *sole* owner of the cotton.

In the case of *G. W. Pilcher et al, v. A. J. Smith infra,* 58 South. 572, present term, this court said: "Ownership of personal property is a *fact* to which a witness may testify. On his cross-examination he may be required to state all of the facts within his knowledge touching such ownership for the purpose of aiding the jury in ascertaining the truth of his statements and the weight or value of his testimony on the subject. Such cross-examination may elecit facts and statements from the witness showing to the satisfaction of the jury that the witness was honestly mistaken in his testimony, or that he did not, in fact, know to whom such property belonged. * * * The weight of the testimony of such a witness both on his direct and cross-examination is for the jury and not for the court." It is evident that the cotton was raised by Reese on Bain's land with an agreement that it should be divided in certain proportions between Reese and Bain; but whether the contract between them rendered Reese the tenant of Bain, as provided in sec. 4742 of the Code, or his laborer, as provided in section 4743 of the Code, or whether the contract was such that the parties were, in fact, tenants in common, we do not know, as the bill of exceptions fails to give us the facts as to the contract that existed between them.—*Hendricks v. Clemmons,* 147 Ala. 590, 41 South. 306.

There is nothing in the record indicating that the appellee raised this question on the trial of this case in the court below, and the evidence, as set out in the bill of exceptions, as to the true contract which existed be-

[Bain, et al. v. Hodges.]

tween Bain and Reese and under which the cotton was raised, is not such as to authorize us to hold, as matter of law, that there was no evidence in the case from which the jury could reasonably infer that Bain and Reese did not jointly own the cotton.

2. The real question which was submitted by the court to the jury—and the record and the bill of exceptions clearly indicate that it was the question upon which both the plaintiffs and the defendant elected to try the case—was whether the plaintiffs' cotton was destroyed through the negligence of the defendant. There was evidence tending to show: That the defendant with some of his employes, were at work in defendant's pasture. That a strong wind was blowing from the direction of the defendant's pasture to a cotton pen in which the plaintiffs had stored a lot of cotton. That the defendant, or his son with his permission, set fire to an old stump in the pasture. That "where the fire was set out was dead clover and so forth, extending up to Groover's and Bain's land, and sage grass from there to the cotton pen. That the wind was mighty high and blowing out of the west toward the cotton pen. Where the fire started it was dry clover stuff. It got into the weeds. Defendant's sage field was thick; sage from there to where the cotton pen was." That "defendant got off the wagon, and without saying anything, struck a match and set fire to the stump. The stump blazed up. We loaded up, and then went over to the river, nearly a quarter of a mile; stump blazing all the time. Defendant went on ahead of us. Before we got to the river, we saw the fire was not out. We called defendant, and he told us to go back. We all ran back and went to fighting it with brush." The evidence further showed, without dispute, that the fire spread to the cotton pen, with the situation of which the defendant was acquaint-

[Bain, et al. v. Hodges.]

ed, and burned a lot of the cotton. There were many conflicts in the evidence, and the portions set out above in quotation marks are taken from the evidence most favorable to the plaintiffs. The evidence being in this condition, the plaintiffs requested the court in writing to give the following charge to the jury: "If the defendant set out the fire on a dry and windy day in a pasture where there was dry Japanese clover, and if this clover was inflammable, and if the defendant knew or should reasonably have known that the clover would burn and probably spread to the cotton, then it was negligence on the part of the defendant if he immediately went away without stopping to see whether the fire would spread, and if while the defendant was gone the fire got beyond the control of the defendant, and then spread, despite the best efforts of the defendant and his servants, to the cotton pen and burned it, and, if this cotton and pen belonged to the plaintiffs, your verdict should be for the plaintiffs."

In the case of *J. L. Edwards v. C. W. Massingill,* 3 Ala. App. 406, 57 South. 400, present term, this court held that a person who sets out a fire on his own premises is responsible for injury or damage due to a failure on his part to use prudence, reasonable care, and caution in kindling the fire and in keeping it from spreading to the lands of another. Under the influence of that decision, we are of opinion that the above charge, as applied to some of the tendencies of the evidence as set out in the bill of exceptions, should have been given, and that in refusing to give it to the jury the trial court committed reversible error.

3. There are a number of other questions presented by the record, but we do not deem it necessary to discuss them.

For the error pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.