# Ward v. The State.

### Murder.

(Decided April 3, 1917. 74 South. 737.)

1. **Homicide; Threats; Self Defense.**—In the absence of evidence tending to show self defense, evidence of previous threats or hostile demonstration by deceased towards accused was not admissible.

2. **Evidence; Motive or Intention.**—A question to the defendant "Were you carrying that pistol for deceased?" was improper as calling for the undisclosed motive of the witness.

3. **Same; Collateral Issues.**—Whether or not defendant apprehended an attack from another person than deceased, was wholly immaterial, and calculated to inject collateral issues.

4. **Homicide; Evidence; Previous Threats.**—A statement alleged to have been made by deceased two weeks before the homicide, saying, "I guess I will have to get somebody, or they will have to get me" was properly excluded.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Lee Ward was convicted of murder and he appeals. Affirmed.

BONNER & MILLER, and W. W. QUARLES, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

[Ward v. The State.]

BROWN, P. J.—The defendant, a man 35 years of age, killed John Bass Steen, 18 years of age, by shooting him with a pistol. The killing occurred between 6 and 7 o'clock in the evening on the public road leading out of Pineapple toward Forest Home; the evidence showing that the deceased at the time was on his way home. Between 2 and 3 o'clock of the same day, the defendant and the deceased met on the road, and a fuss ensued between them. There was evidence tending to show that about the time deceased was preparing to leave town on his way home, the defendant preceded him, traveling the same road, and at the place of the killing, between one-half and one-quarter of a mile from the stores in Pineapple, stopped in wait for his victim.

(1) With evidence of these tendencies before the jury, and before the defendant offered any evidence tending to show self-defense, the defendant proposed to show threats and hostile demonstrations made by the deceased toward him in the previous difficulty. Such evidence was not admissible in the absence of some evidence tending to show self-defense.—*Gafford v. State*, 122 Ala. 54, 25 South. 10.

(2, 3) The objection to the question asked the defendant by his counsel while testifying as a witness, "Were you carrying that pistol for deceased, Bass Steen?" was properly sustained. This question called for the undisclosed intention of the witness. —*Fuller v. Whitlock*, 99 Ala. 411, 13 South. 80. And the question eliciting testimony for the defendant as to whether he apprehended an attack from another than deceased was wholly immaterial, and, if permitted, would have injected a collateral issue.

(4) The statement attributed to the deceased by the witness Hawkins, "I guess I will have to get somebody or they will have to get me," made two weeks before the homicide, was properly excluded.—*King v. State*, 89 Ala. 146, 7 South. 750; *Knight v. State*, 89 Ala. 146, 7 South. 750; *Knight v. State*, 160 Ala. 58, 49 South. 764; *Bullington v. State*, 13 Ala. App. 61, 69 South. 319. The holding in *Burton's Case*, 115 Ala. 1, 22 South. 585, is distinguished by the fact stated in the opinion: "The declarations of the deceased, as he was leaving home on the afternoon of the homicide, having a gun and pistol, that he was going out to shoot some."

These were "verbal acts indicating a present purpose and intention."—*Burton v. State*, 115 Ala. 1, 22 South. 585.

[Lovelady v. The State.]

The defendant requested 95 special charges, 82 of which were given and 13 refused. The oral charge of the court was very elaborate, and covered every phase of the case, and the written charges refused to defendant, in so far as they stated correctly any proposition of law applicable to the case, were substantial duplicates of those given.

We find no error in the record, and the judgment of the trial court is affirmed.

Affirmed.

BRICKEN, J., not sitting.