180 So. 127

**ROUTLEDGE v. SCHMITT.**

6 Div. 190.

Court of Appeals of Alabama.

March 29, 1938.

Wilkinson & Wilkinson and Ralph Tate, all of Birmingham, for appellee.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellant.

RICE, Judge.

This appeal is by the defendant in the court below from the judgment of the court setting aside, upon plaintiff's (appellee's) motion, the verdict of the jury (and the judgment rendered thereon) in her favor, in a suit by her against appellant, for damages alleged to have been suffered by appellee, in a collision between the car in which she was riding and one driven by appellant.

Upon such an appeal, it is true enough, as conceded by all concerned, the verdict of the jury having gone in appellee's favor, and thereby established her right to recover, she could not complain, upon her motion to set aside the verdict, the granting of which said motion is now under review by this appeal, of any other than errors bearing upon the measure, or amount, of damages awarded.

If nothing more was involved here than the amount of the damages awarded plaintiff by the verdict of the jury, we would be forced to say that said verdict·was—while some other might probably without error have been returned— "plainly and palpably supported by the evidence." And that, hence, it was error—which we would here adjudge—for the court to set aside the said verdict. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

But something else was involved. It is too well known to require the citation of authority that the measure of damages for injuries inflicted through simple negligence is one thing; that for damages inflicted as the proximate result of wanton negligence is another—greater damages being allowed in the latter case.

So, if the count in plaintiff's (appellee's) complaint resting upon wantonness, as that term is understood in such matters, was improperly "charged out," as that term is likewise understood, by the court, this would be an error "bearing upon" the amount of damages awarded by the jury; and hence would justify the court's action in setting the jury's verdict aside, as well as requiring us to here affirm his action.

And that, we think, is the situation. We do not believe it would be altogether proper, in view of the retrial of the case that is to follow, for us to narrate or detail the testimony as it appears in the bill of exceptions.

But we have examined it closely; and compared it to that dealt with by our Supreme Court in the case of Daniel v. Motes, 228 Ala. 454, 153 So. 727.

So far as we can see, if the testimony in the Daniel v. Motes·Case required, or permitted, the submission of the "wanton count" to the jury, that in the instant case did, likewise. Code 1923, § 7318. And hence, here, it was error for the court to exclude from the jury's consideration the question of wantonness, vel non, on the part of appellant, as was proposed in appellee's count 2 of her complaint.

Merely in passing, we remark that there is a question in our minds as to whether or not the verdict of the jury in the exact words and figures: "We the jury assess the plaintiff's damages_at one dollar and 00/100 ($1.00)," was an "adequate" verdict upon which to base a judgment in plaintiff's (appellee's) favor, as against ground 6 of her motion to set same aside as, being an "inadequate" verdict.

But we see no need to examine such question.

The judgment is affirmed.

Affirmed.