### ROUTLEDGE v. SCHMITT.

#### 6 Div. 562.

Supreme Court of Alabama.
March 14, 1940.

Rehearing Denied April 11, 1940.

London & Yancey and Fred G. Koenig,
Sr., all of Birmingham, for appellant.

Wilkinson & Wilkinson and Frank A.
Wilkinson, Jr., all of Birmingham, for ap-
pellee.

BROWN, Justice.

Trespass on the case for damages for
personal injury received by the appellee in
a collision of the automobile of appellant
with that of plaintiff's sister in which the
plaintiff was riding as an invitee. The first
count of the complaint ascribes the injury
to defendant's negligence, while the second
count charges wantonness. The defendant
pleaded the general issue in short by con-
sent with leave to give in evidence "any
matter which if well pleaded, would be ad-
missible in defense of the action," with
like leave to the plaintiff to reply.

The first trial resulted in a verdict and
judgment for the plaintiff assessing her
damages at one dollar. On plaintiff's mo-
tion this verdict was set aside and new
trial ordered. On appeal from that order
to the Court of Appeals the same was af-
firmed. Routledge· v. Schmitt, 28 Ala.App.
167, 180 So. 127.

On the trial following that affirmance
the verdict was for the defendant, and on
motion the court set that verdict aside and
granted another trial. It is from this order
that this appeal is prosecuted. The motion
for new trial embodied one hundred and
forty-one grounds, all except the last three,
based upon alleged erroneous rulings of
the court on the trial. The last three
grounds, 139, 140 and 141, in different
phraseology assert that the verdict for the

defendant was not warranted by the evidence.

The order granting the new trial is in words following: "It is ordered and adjudged by the Court that this motion be and the same is hereby granted, verdict and judgment set aside and case re-instated, but not on ground 139, 140, or 141 of motion, and defendant excepts."

We shall not undertake a discussion of the numerous grounds of the motion, and questions of law predicated thereon. It is sufficient for the purposes of this appeal to note that some one or more of the grounds of the motion were well taken.

The evidence was in conflict and presented a case for jury decision. The evidence as to the nature and extent of the plaintiff's injuries was in sharp conflict. The major insistence on the trial was that the impact in collision was so severe that, she was not only physically shocked, bruised and scratched, but that she was thrown with such force as the automobile was thrown from the road and overturned in the ditch, she suffered a retroflex or retroversion of the uterus, requiring a surgical operation.

On the trial the plaintiff offered to show, that the other occupants of the automobile in which plaintiff was an invitee, were injured and the general nature of such injuries, and on the defendant's objections the court refused to permit such evidence to be adduced.

This was error, because that was of the res gestae of the fact under investigation, an undesigned part of it, and tended to shed light on the occurrence, not only in respect to the result—the extent of the damages—but on the causation of the collision as well. Miles v. Hines, Director General of Railroads, 205 Ala. 83, 87 So. 837; Bessiere v. Alabama City G. & A. R. Co., 179 Ala. 317, 60 So. 82; 3 Jones on Evidence, 2189, § 1193; Louisville & Nashville Railroad Co. v. Mothershed, Adm'r, 121 Ala. 650, 26 So. 10; Alabama Power Co. v. Bruce, 209 Ala. 423, 96 So. 346.

The argument that the noted ruling was innocuous, because one witness, plaintiff's sister, Mrs. Flemming, gave testimony going to show her injury, and while the court repeatedly sustained the defendant's objection, the testimony itself was not excluded. We are not of opinion that this argument meets the situation presented by the plaintiff's proffered proof, nor that the doctrine of error without injury should be applied. The trial Judge had a first-hand view of the case which is not altogether apparent on the face of the record.

The other questions argued need not be considered as they will probably not arise on another trial.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.