15 So.2d 465

## BIRMINGHAM ELECTRIC CO. v. BAILEY.

### 6 Div. 968.

Court of Appeals of Alabama.
Aug. 10, 1943.

Rehearing Denied Oct. 5, 1943.

Huey, Welch & Stone, of Bessemer, for appellant.

278

Ross, Ross & Ross, of Bessemer, for appellee.

SIMPSON, Judge.

Recovery in the case was rested upon count two of the complaint, the only count submitted to the jury.

■ The gravamen of this count is not the wrongful ejection of the plaintiff, but that it was made so by the use of unnecessary force. Stripped of its verbosity, the count charged the ejection of the plaintiff from the appellant's car by the use of excessive force applied by the motorman while acting within the scope of duty and proximately resulting in the catalogued injuries to the plaintiff. The count charged an actionable wrong. Birmingham Ry. Light & Power Co. v. Yielding, 155 Ala. 359, 366, 46 So. 747; 10 Am.Jur., Secs. 1585–1587, pp. 336–338

■ The argument is stressed that the count was demurrable in containing duplicitous averments as to the quo modo of the wrong complained of. It is asserted that it contains averments of an ejection per se wrongful and at the same time a rightful ejection made wrongful by the use of unnecessary violence, thereby embracing in one count two separate actions. . But we do not think the allegations of the count can be so construed.

The complaint makes no contention that plaintiff, as a passenger, was wrongfully ejected from the car. Indeed, it seems to concede the right and authority of the agents of appellant to eject plaintiff therefrom, by the allegation that, upon refusal of the plaintiff to leave the car, "it then and there became the duty of said motorman and conductor, if they ejected him from said street car, to use no more force than necessary to eject him therefrom." Then follows the gravamen of his complaint, that said motorman in shoving him off the car "used more force than necessary to eject plaintiff from said street car, and as a proximate result thereof the plaintiff suffered the following injuries and damages," etc.

Clearly, the count is grounded upon this alleged use of unnecessary force in exercising the right of expulsion, which of course is actionable. Louisville & N. R. Co. v. Johnson, 92 Ala. 204, 9 So. 269, 25 Am.St.Rep. 35; Birmingham Electric Co. v. Maze, 231 Ala. 539, 542, 166 So. 50; 13 C.J.S., Carriers, § 824a, p. 1637; 10 Am. Jur., supra.

It is our conclusion—and we so hold—that Count 2 was not subject to the argued demurrers. The other averments, such as that plaintiff boarded the car to ride thereon as a passenger and that the conductor refused to accept the bill tendered for his fare, etc., were but descriptive of the circumstances surrounding the expulsion of the plaintiff from the car. The last clause —sentence—of the count might well have been omitted, but in our opinion these averments in no way alter the basis of the action as is so clearly thereinabove counted upon, viz., the application of excessive force in accomplishing the ejection of the plaintiff.

It is next argued that the defendant was entitled to the general affirmative charge.

■ The rule here appertaining of course is that, where the evidence is con-

flictory or conflicting inferences may reasonably be drawn therefrom or the evidence contains conflicting tendencies, the general affirmative charge is improper. 18 Ala.Dig., Trial, ☜142, 143; Harden, Inc., v. Harden, 29 Ala.App. 411, 197 So. 94; Pizitz Dry Goods Co. v. Waldrop, 237 Ala. 208, 186 So. 151.

 The only justification for a directed verdict is when the testimony in the case will support no other, and if there is a scintilla of evidence or any reasonable inference therefrom adverse to the party requesting it, the same should be refused. 18 Ala.Dig., Trial, ☜142, 143; Sloss-Sheffield Steel & Iron Co. v. Willingham, 29 Ala.App. 569, 199 So. 15.

Following is a brief summary of the salient facts: The plaintiff—admittedly having drunk two bottles of beer—boarded defendant's street car at about 11 P. M., two miles from his home, for the purpose of riding home. Company rules (the reasonableness vel non of which it is not required to determine) forbade the employees to accept, for changing, a larger bill than $5.00, from passengers in paying their fares. Plaintiff tendered for his fare a larger bill than this amount and the conductor requested a smaller sum of money, which plaintiff did not—or could not—produce. Thereupon, the car was stopped about eight blocks from his home and, after some discussion, the plaintiff refused to leave the car. At this juncture (says the plaintiff), the motorman "wheeled him around" by his shoulders and shoved him through an open door of the car, down the steps, to the street. The plaintiff further testified that when this occurred he lost his balance, his foot missed the car steps and he fell on his hip and hands, and suffered physical injuries, mental pain, wounded feelings, embarrassment, etc.

 This recitation of the facts, in light of the well known rule of construction hereinabove, suffices to demonstrate the soundness of the trial court's refusal to direct a verdict for the defendant. We cannot accord with able counsel that, under Count 2, it was incumbent upon plaintiff to establish from the evidence the relation of carrier and passenger and consequent damage from a wrongful expulsion of the plaintiff —as a passenger—by the conductor. As above indicated, no such case is made by the allegations of the count.

The proposition is also advanced that the evidence presented no issue of punitive damages and that error prevailed in refusing to instruct the jury accordingly, as requested by the defendant.

 If the alleged conduct of the defendant was vexatious as well as wrongful, punitive damages may be recovered. Hays v. Anderson, 57 Ala. 374. Where the tortious act was wanton or malicious or attended with circumstances of aggravation (Sparks v. McCrary, 156 Ala. 382, 389, 47 So. 332, 22 L.R.A.,N.S., 1224), or if done willfully, or was the result of such reckless indifference to the rights of plaintiff as is equivalent to an intentional violation of them (Alabama Power Co. v. Dunlap, 240 Ala. 568, 572, 200 So. 617) vindictive or exemplary—that is, punitive—damages are recoverable. Wilkinson v. Searcy, 76 Ala. 176; Birmingham Waterworks Co. v. Wilson, 2 Ala.App. 581, 56 So. 760; Bowles v. Lowery, 5 Ala.App. 555, 59 So. 696; Snedecor v. Pope, 143 Ala. 275, 39 So. 318; 7 Ala.Dig., Damages, ☜89(1); 25 C.J.S., Damages, § 123, p. 720; 10 Am.Jur., Sec. 1683, p. 419.

 Giving due consideration to all of the circumstances attending the plaintiff's ejection from the car as testified to by him, the fact that he was noticeably drinking (Johnson v. Louisville & N. R. Co., 104 Ala. 241, 246, 16 So. 75, 53 Am.St.Rep. 39; American Jurisprudence, Section 1586, page 337), was suddenly "wheeled around" and frocibly shoved out of the open door to the pavement, and at night, all to our minds clearly made it a jury question as to whether or not the motorman acted with such recklessness or wantonness in regard to the plaintiff as to meet the test of the authories. The issue of punitive damages was, in our view, correctly submitted to the jury for consideration.

The insistence is made that this court should overturn the action of the trial court in denying a new trial, because (1) the evidence was preponderantly against the verdict and (2) the verdict was excessive.

 It is axiomatic that upon review all favorable intendments must be accorded the lower court's ruling on the proposition, which ruling will not be disturbed unless the evidence so decidedly preponderates against the verdict returned as to make it appear manifestly wrong and unjust. 2 Ala.Dig., Appeal and Error, ☜1004(3).

 When the evidence is tested by this well recognized principle, we can find

no warrant for interference with the lower court's action in overruling the motion for new trial. The learned trial judge—always judiciously impartial to the litigants at bar—who saw the witnesses and heard them testify, concluded in favor of the verdict and we perceive nothing to control a contrary view.

■ As to challenging the excessiveness of the damages awarded, there is no set rule to govern. Alabama Gas Co. v. Jones, Ala.Sup., 13 So.2d 873, 876.[1] But the same favorable presumption attends the lower court's ruling upon review of such nisi prius action. Sturdivant v. Crawford, 240 Ala. 383, 199 So. 537. And in such cases "the internal evidence, the verdict itself, in the light of the facts clearly disclosed by the evidence, usually furnishes the determining data." Yarbrough v. Mallory, 225 Ala. 579, 581, 144 So. 447, 449.

■ Here, again, it seems to us that no clear and positive showing is made to warrant correction of a ruling on the proposition by the wise judge who presided at the trial and heard the evidence.

The actual expense was a doctor's bill. The physical injuries were the hurting of back and kidneys next day, the serious pain and injury to the hand by fracture of the metacarpal bone, the consequent binding of the hand and forearm in splints for several weeks, the temporary loss of use thereof, the pain still occasionally existing, and the disfigurement of the hand by an enlargement or knot at the union of the fracture. Added to this were the embarrassment, wounded feelings, mental pain, etc. (McGhee & Fink v. Cashin, Ala.Sup., 40 So. 63), claimed to have been suffered. All of this, together with the fact that greater damages are allowable if the jury should find that the injury was wantonly inflicted (Routledge v. Schmitt, 28 Ala.App. 167, 180 So. 127), convinces us that we should not disturb the jury's appraisement of these damages, the same having already been sustained as not excessive by the lower court.

Careful study of the whole case, in connection with the able brief and argument of appellant's counsel, impresses us that there is no reversible error. The judgment is therefore affirmed.

Affirmed.

